## IRENE MARIE HILL, Pro Ami, v. KANSAS CITY RAILWAYS COMPANY, Appellant.

### Division One, July 11, 1921.

1. **NEGLIGENCE: Injury in Kansas: No Pleading of Statutes.** In an action for damages for personal injuries negligently inflicted in Kansas, in which plaintiff pleads no statute or ordinance but does state a cause of action under the general law of negligence, and wherein defendant invoked no statute or other law of Kansas, the law of Missouri applies, and the case is properly tried under Missouri rules of negligence.

2. ————: **Pedestrian on Track: Humanitarian Rule.** A girl five years of age went with her brother to a fountain near the intersection of streets and after getting water they started to retrace their steps northward across railway tracks, and upon reaching the tracks upon which east-bound cars ran the little girl dropped a penny and was looking for it at the time an east-bound car approached, and the brother, having reached the track on which west-bound cars ran and hearing an exclamation from his sister, turned and saw her looking for the penny and shouted to her, but she became confused and did not get off the track; and there was evidence that the car was then fifty feet away, that it could have been stopped in much less than fifty feet, that the view was clear for at least seventy-five feet, that the motorman was talking to some one and not looking ahead, and that no gong was sounded or other warning given. *Held*, that the evidence was sufficient to take the case to the jury under the humanitarian rule, and being so submitted it became their province to determine the credibility of the witnesses who testified to the foregoing facts.

3. ————: **Humanitarian Rule: Concurrent Acts: Pleading and Instruction.** The facts constituting negligence under the humanitarian
289 Mo.—13

rule may be pleaded with other negligent acts in the same count of the petition, and recovery be had upon the negligence covered by the humanitarian rule, and the instruction may omit all other acts of negligence. Plaintiff is not required to prove all acts of negligence pleaded, if those proven authorize a recovery under the humanitarian rule and the instruction properly submits them.

4. ———: **Pedestrian on Track: Oblivious to Peril.** Under the humanitarian rule, if the operator of a street car sees a person in peril, and oblivious thereto, he is required to use any and all means at hand to avert injury to such person. If he can stop the car, he must stop; if unable to stop, and a slackening of the speed will avert the injury, he must slacken it; if a warning will avert the injury, ordinary care requires him to give warning.

5. **WITNESS: Expert: Qualification: Waiver.** Where an objection that a witness had not shown himself qualified to testify as to the speed of a car was sustained, and thereupon the witness was further qualified and then proceeded without further objection to give his judgment of the speed, opposite counsel are in no position to insist he was improperly permitted to testify.

6. ———: **Written Statement: Denial.** A witness for defendant, who at a former trial was a witness for plaintiff, in a way denied a written statement and his signature thereto. Without objection he signed his name upon a separate piece of paper, and it was admitted for comparison with his purported signature on the statement. Another witness testified that prior to the former trial the witness had admitted that the written statement and signature were his. *Held*, there was no error in the admission in evidence of the written statement.

7. **TRIAL: Misconduct of Court.** In the face of previous irritating conduct of counsel, the trial court is not to be condemned for attempting, by asking questions of the jury, to get at the real issues and facts of the case. And where a witness had testified that the little girl hesitated when she got upon the street railway track, the court, in assuming in his next inquiry, over objection, that she had stopped, especially where the witness subsequently stated she was standing still, was not guilty of misconduct.

8. **MENTAL ANGUISH: Physical Deformity.** Where the little girl's left arm was cut off just below the elbow, her left foot was off back to the heel, the big toe and the one next to it of the right foot were off, and the third toe was broken and bent out and under the foot in a hook shape, there was sufficient evidence for an instruction telling the jury to allow her damages for any mental anguish she had suffered or would hereafter suffer; for these injuries were

permanent, and mental anguish may be the outgrowth of them as the years come and go.

9. **LEGAL AGE: Subsequent Wages: Law of Forum.** Where the little girl was injured in Kansas and sues for common-law damages in Missouri, the law of the forum governs, and therefore an instruction authorizing the jury to allow her to recover for impaired ability to earn money "after she becomes of legal age," without proving what is the legal age in Kansas, is not erroneous.

Appeal from Jackson Circuit Court.—*Hon. Harris Robinson*, Judge.

AFFIRMED.

*Charles N. Sadler* and *E. E. Ball* for appellant.

(1) The court erred in overruling the demurrer interposed at the close of plaintiff's evidence and renewed at the close of all the evidence. (a) The petition fails to state facts sufficient to constitute a cause of action against defendant. 1st. This accident occurred in Kansas, therefore, the laws of Kansas govern. Newlin v. Railroad, 222 Mo. 391; Chandler v. Railroad, 127 Mo. App. 34; Rahn v. Railroad, 129 Mo. App. 686. 2nd. Common law not presumed to exist in Kansas. Mathieson v. Railroad, 219 Mo. 542; First Nat. Bank v. Ins. Co., 222 S. W. 837. (b) The evidence did not justify a submission of this case to the jury under the allegations of the petition. 1st. Plaintiff must recover, if at all, upon the particular cause of action pleaded as pleaded. Beave v. Transit Co., 212 Mo. 352; Detrich v. Railroad, 143 Mo. App. 179; Simms v. Dunham, 203 S. W. 652; Boles v. Dunham, 203 S. W. 408; Murdock v. Dunham, 206 S. W. 915; Kirn v. Harvev, 208 S. W. 479; State ex rel. v. Ellison, 270 Mo. 653; Shafer v. Dunham, 183 S. W. 670: Hall v. Coal Co., 260 Mo. 351; Arata v. Ry. Co., 167 Mo. App. 90; Israel v. United Rys. Co., 172 Mo. App. 660; Bobbitt v. Rys. Co., 169 Mo. App. 428. 2nd. Where petition charges two or more concurrent negli-

gent acts combined caused the injury all must be proven to entitle plaintiff to recover. R. S. 1909, sec. 3140; Terry v. Ry. Co,. 89 Mo. 587; Turner v. Ry. Co., 78 Mo. 580; Van Note v. Ry. Co., 70 Mo. 642; Downing v. Ry. Co., 70 Mo. App. 661; Kirn v. Harvey, 208 S. W. 479; Wormsdorf v. Ry. Co., 75 Mich. 474; Western Ry. Co. v. McPherson, 146 Ala. 427; Flynn v. Staples, 34 App. D. C. 92, 27 L. R. A. (N. S.) 792. 3rd. Should not have been submitted on issue of failure to warn. Peterson v. Rys. Co., 192 S. W. 940; McManamee v. Railroad, 135 Mo. 449; McNeil v. Ry. Co., 182 S. W. 762; Pope v. Ry. Co.. 242 Mo. 238; Green v. Ry. Co., 192 Mo. 131. 4th. Should not have been submitted on humanitarian theory. Markowitz v. Railroad, 186 Mo. 351; Grout v. Ry. Co., 125 Mo. App. 552; Roenfelt v. Ry. Co., 180 Mo. 566; Boyd v. Ry. Co., 105 Mo. 382; Haffey v. Ry. Co., 135 S. W. 937; Mockowick v. Ry. Co., 196 Mo. 570; Barnard v. Ry. Co., 137 Mo. App. 684; Van Bach v. Ry. Co., 171 Mo 347; Gessner v. Ry. Co., 137 Mo. App. 47; Banks v. Ry. Co., 217 S. W. 488; Oglesby v. Ry. Co., 177 Mo. 272. (2) The court erred in giving instructions asked by plaintiff. Authorities under Point one. (3) The court erred in admitting incompetent, irrelevant and immaterial evidence offered by plaintiff. (a) Broadens issues made by pleadings. Shafer v. Dunham, 183 S. W. 670; Hall v. Coal & Coke Co., 260 Mo. 351; Bergfeld v. Dunham, 202 S. W. 253; Davidson v. Transit Co., 211 Mo. 363; Roscoe v. Railroad, 202 Mo. 576. (b) Invades province of jury. Taylor v. Ry. Co., 185 Mo. 256; Glasgow v. Ry. Co., 191 Mo. 364; Smart v. Kansas City, 208 Mo. 199; 203; Castanie v. Ry. Co., 249 Mo. 195. (4) The court erred in refusing to admit competent, relevant and material evidence offered by defendant. Authorities under last point. (5) The court erred in making improper remarks during trial; in preventing defendant from properly conducting its defense, and in improperly examining witnesses. McElwain v. Dunham, 221 Mo. App. 773; Landers v. Railroad, 134 Mo. App. 80;

Dreyfus v. Railroad, 124 Mo. App. 592; Jackmann v. Railroad, 187 S. W. 787; Levels v. Railroad, 196 Mo. 619; Rose v. Kansas City, 125 Mo. App. 235; Buck v. Trust Co., 185 S. W. 213; Hutchinson v. Gate Co., 152 S. W. 65; 40 Cyc. 2439, 2440; Knox v. Fuller, 23 Wash. 34; 38 Cyc. 1316; Berwind Co. v. Firment, 170 Fed. 154. (6)   The court erred in refusing to sustain the motion for new trial on the ground that it is against the weight of the evidence.   Lehnick v. Ry. Co., 118 Mo. App. 611; Morris v. Kansas City, 117 Mo. App. 303; Baughman v. Fulton, 139 Mo. 558; Bohle v. Merc. Co., 144 Mo. App. 441; Northrop v. Diggs, 115 Mo. App. 93; Ridge v. Johnson, 129 Mo. App. 546; Reid v. Insurance Co., 50 Mo. 429; Powell v. Ry. Co., 59 Mo. App. 340; Kreitzel v. Stevens, 155 Mo. 285; Lawson v. Mills, 139 Mo. 172; Gould v. St. John, 207 Mo. 619.

*Atwood, Wickersham, Hill & Popham* for respondent.

(1)   The law of Missouri and not the law of Kansas governs.   Plaintiff's petition stated a common-law cause of action.   Defendant did not plead the laws of Kansas, hence the common law as applied by the Missouri courts governs.   Lyons v. Railroad, 253 Mo. 151; Thompson v. Railroad, 243 Mo. 349; Biggie v. Railroad, 159 Mo. App. 351.   (2)   The acts of negligence pleaded in plaintiff's petition were stated disjunctively.   Plaintiff could submit any or all acts of negligence justified by the evidence. It is not the law, as stated by appellant, that all or none of the alleged negligent acts must be submited to the jury.   Meeker v. E. L. & P. Co., 216 S. W. 931; Hanson v. Traction Co., 226 S. W. 1.   (3)   There was overwhelming evidence that no warning was given of the approach of the car.   Due care under the circumstances required the motorman to sound warning.   Petition charged failure to warn as one of the grounds of negligence and plaintiff's Instruction No. 1 properly sub-

mitted this issue to the jury. Ellis v. Met. St. Ry., 234 Mo. 683; Cytron v. Transit Co., 205 Mo. 693; Muller v. Harvey, 204 S. W. 929; Argeropoulos v. K. C. Rys. Co., 212 S. W. 375. (4) The evidence shows conclusively that this child—hardly five years of age—was on the east-bound track in deadly peril when the street car was at or beyond the spur or cross over switch to the west, a distance at least of from fifty to seventy-five feet away. The testimony showed the car running at the speed stated by plaintiff's witnesses and defendant's conductor, could have been stopped within fifteen feet. The motorman on the west-bound car, defendant's witness, testified car could be stopped from fifteen to twenty-five feet. This made out a clear case for the jury. Ellis v. Met. St. Ry., 234 Mo. 656; Holmes v. Railroad, 207 Mo. 163; Livingston v. Railroad, 170 Mo. 471; Turnbow v. Dunham, 197 S. W. 107; Simon v. Railroad, 231 Mo. 78. (5) Plaintiff was injured in a thickly settled part of Kansas City, Kansas. A drinking fountain was located opposite the point of accident which was much frequented by children. It was the duty of defendant's motorman not only to keep a sharp lookout ahead for children on the street, but to take note of the practice of children to be about the drinking fountain and of their crossing the street at this point and to govern his conduct accordingly. Cases under Points 3 and 4. (6) The point made by appellant that the court was guilty of improper conduct was utterly without foundation. The records show the court's attitude to have been impartial and fair, and that the attitude of counsel for defendant towards the trial judge throughout the trial was insolent and disrespectful. The small award of damages of which appellant makes here no complaint, shows that the final result was in no wise affected by any extraneous circumstances. Buck v. Buck, 267 Mo. 662. (7) Point No. 6 of appellant is wholly without merit because the greater weight of the evidence was in favor of plaintiff and against the defendant. But if it had been otherwise,

this court will not weigh and settle conflicts in evidence. Orblitt v. Bergfold, 191 S. W. 999.

GRAVES, J.—Irene Marie Hill. a negro girl some five years old at the time of the incident which occasioned her injury, sues through her next friend, for damages alleged to have been occasioned by the negligence of defendant's predecessor in title to the street railway property now operated by defendant. Defendant was the purchaser at a receivership and foreclosure sale of the property. The injury occurred, whilst the railway property was in the hands of receivers, but no point is made as to the liability of this defendant, if its predecessor in title, or the receivers, were liable. So the case proceeded as if the instant defendant had been the owner and operator of the street railway property at the time of the accident. The accident occurred June 16, 1915, at 7:30 p. m. in the State of Kansas, near the intersection of Quindaro Boulevard and 7th Street, in Kansas City, Kansas. There was a double-track street railway in Quindaro Boulevard. The negligence charged is thus stated in the petition:

"Plaintiff states that the said receivers and their agents and servants in charge of said car were careless and negligent in that they failed to give plaintiff any warning signals of the approach of said car to her and to said intersection, and in that they were negligently operating said car without keeping proper or reasonably sufficient lookout ahead, and without having or keeping same under proper and reasonable control. Plaintiff further says that those in charge of said car were further negligent in that they saw or by the exercise of ordinary care could have seen plaintiff upon said track or so near the same and in such position as that she was in a position of danger and peril from the approach of said car, in time, by the exercise of ordinary care, under the conditions then existing, and with the use of the appliances at hand, to have stopped said car, slackened the speed

thereof, or have warned plaintiff of the approach thereof, and thereby have avoided injuring her, all of which they negligently and carelessly failed to do.

"Plaintiff further states that as a direct and proximate result of the negligent and careless acts and omissions of those in charge of said car, as above described, all of said acts and omissions acting severally and concurrently with each other, she was struck, run over and injured by said car, at said time and place, injuring her in the following manner and particulars, to-wit."

The answer was a simple general denial. Plaintiff had a verdict for $10,000, and from a judgment entered thereon the defendant has appealed. There are some five or six assignments of error, which, with the relevant facts, will be noted in the course of the opinion.

I. It is first urged that the demurrer to the evidence should have been sustained. This insistence has several sub-divisions in the brief, stated thus:

"(a)   The petition fails to state facts sufficient to constitute a cause of action against defendant.

"1.   This accident occurred in Kansas, therefore the laws of Kansas govern.

"(b)   The evidence did not justify a submission of this case to the jury under the allegations of the petition."

When boiled down there are but two real questions raised in the foregoing, i. e.: (1) the accident having occurred in Kansas, it is governed by the Kansas law, and being so governed, we cannot presume that the common law exists in Kansas, and (2) that the evidence failed to show liability.

As to the first proposition, supra, it must be conceded that the action is founded upon common-law negligence, as distinguished from statutory or ordinance negligence. The petition pleads no statute or ordinance. It states a cause of action under our general law of negligence. The defendant invoked no law of Kansas, stat-

Action at Common Law.

utory or otherwise. In such situation the case was properly tried under our rules of negligence. [Lyons v. Railroad, 253 Mo. 1. c. 150-151.] In the Lyons case we discussed both the Mathieson case, and the Newlin case, relied upon by the appellant, in its brief. We can add nothing to what was said in Lyons's case. The action there was bottomed upon common negligence, as in this case. The answer there was a general denial, as in the instant case. We then said: "In such case, unless the defendant properly invokes the laws of the sister state, the law of Missouri is to be applied." So say we in the case before us. As to whether the evidence on the part of the plaintiff made a case under our law, we take next.

II. That there was evidence to take this case to the jury under the humanitarian rule we have no doubt. The main instruction for the plaintiff, whilst verbose and lengthy, places her case upon the humanitarian rule. The little girl and her brother had gone to a water fountain near the street intersection. After getting water at this fountain they started to retrace their

**Acts of Negligence.** steps toward the north or northeast across the double railways tracks. Upon reaching the tracks upon which east-bound cars run, the plaintiff dropped a penny, and was looking for it at the time the east-bound car approached. The brother was ahead, and had reached the track upon which west-bound cars ran, when hearing an exclamation from the sister he turned and saw her looking for the penny, and "hollowed" at her, but she became confused and did not get off the track. He says the car was fifty feet away from her when he turned around. He further says that the motorman was talking to some person and not looking ahead. Other witnesses say that the little girl was on the track, in clear view of the motorman for at least seventy-five feet. They likewise corroborated the brother as to the motorman being engaged in conversation. There was ample evidence that at the rate of speed shown, the car could have been stopped in very much less

than fifty feet, one witness placing it as low as fifteen feet. So also there is evidence that no gong was sounded or other notice given to the child. The facts sufficed to take the case to the jury, and it then became the province of the jury to determine the credibility of the witnesses detailing the foregoing facts. The demurrer was properly overruled upon both the questions urged by appellant.

III. The further point made is thus couched in the brief: "Where petition charges two or more con-

Concurrent Negligence.

current negligent acts combined caused the injury all must be proven to entitle plaintiff to recover."

The point is not clear to us in view of the record. The petition, after stating some other acts of negligence, thus pleads the humanitarian rule:

"Plaintiff states that the said receivers and their agents and servants in charge of said car were careless and negligent in that they failed to give plaintiff any warning signals of the approach of said car to her and to said intersection, and in that they were negligently operating said car without keeping proper or reasonably sufficient lookout ahead, and without having or keeping same under proper and reasonable control. Plaintiff further says that those in charge of said car were further negligent in that they saw or by the exercise of ordinary care could have seen plaintiff upon said track or so near the same and in such position as that she was in a position of danger and peril from the approach of said car, in time, by the exercise of ordinary care, under the con-. ditions then existing, and with the use of appliances at hand, to have stopped said car, slackened the speed thereof, or have warned plaintiff of the approach thereof, and thereby have avoided injuring her, all of which they negligently and carelessly failed to do.

"Plaintiff further states that as a direct and proximate result of the negligent and careless acts and omis-

sions of those in charge of said car, as above described, all of said acts and omissions acting severally and concurrently with each other, she was struck, run over and injured by said car, at said time and place, injuring her in the following manner and particulars, to-wit:''

We have so often ruled that the negligence covered by the humanitarian rule may be pleaded with other acts of negligence in the single count of a petition, and that a plaintiff may abandon all other alleged negligence, and recover upon the negligence which is covered by the humanitarian rule, that citation of authorities would be superfluous. In this case the plaintiff chose to submit her case upon the humanitarian rule, although the instruction is cumbersome. The allegations in the petition as to stopping the car, slackening the speed of the car and giving warning are all in the disjunctive, and the instruction so placed them, but the instruction leaves out of consideration the slackening of the speed of the car. The concluding portion of the instructions reads:

''And that the operator of said car saw or by the exercise of ordinary care could have seen plaintiff in such position of danger and peril, if any, and could by the exercise of ordinary care have known all of the above facts, if you so find, such to be the facts, in time thereafter by the exercise of ordinary care and by the use of the means at hand and with safety to said car and those aboard same, to have stopped said car or warned plaintiff of the approach thereof, if you so find, and could thereby have prevented injuring her, if you so find, and that the operator thereof failed to exercise ordinary care to stop said car or give reasonable warning of the approach thereof, if you so find, after he knew (if you so find he did) or by the exercise of ordinary care could have known (if you so find he could) that plaintiff was in such danger and peril, if any, as above set out, and that by such failure, if any, such operator was thereby negligent, if you so find, and that as a direct result of such negligence, if any, said car struck plaintiff and she

was thereby injured, if you so find, then your verdict must be for plaintiff.''

The previous portion of the instruction had required the jury to find that plaintiff was upon the track and was oblivious to her danger, and had defined the duty of defendant under such circumstances. Under these pleadings (so far as the humanitarian rule is concerned) the instruction did not have to require the jury to find all three of the things specified in the portion of the petition quoted, supra. The instruction left out the matter of slackening speed. It might have included it, because there was evidence tending to show no slackening of speed until the child was struck, but there was no error in leaving that matter out. The instruction might have left out both the matters of slackening speed and failure to stop, and submitted on the single matter of failure to warn. In Hinzeman v. Railroad, 182 Mo. l. c. 623, VALLIANT, J., said: ''If the engineer saw the man in a position of danger, apparently inattentive to the approaching train, and if, with the means at hand, by the exercise of ordinary care, he could have given him timely warning, yet neglected to do so, then the case falls within the exception to the rule that a plaintiff cannot recover if his own negligence has contributed to his injury.'' See also Cytron v. Transit Co., 205 Mo. l. c. 719, and cases therein cited, including the Hinzeman case; Meeker v. Union Electric Light & Power Co., 279 Mo. 574, 216 S. W. 931; State ex rel. v. Ellison, 223 S. W. l. c. 673.

Under the humanitarian rule, if the operator of a car sees one in peril, and oblivious thereof, then he is required to use any and all means at his hand to avert the injury of such person. If he can stop his car, he must stop. If the slackening of speed, although unable to stop, will avert the injury, he must do that. If a warning will avert the injury ordinary care requires that of such operator. So in this case under the pleadings, supra, the cause was properly submitted to the jury.

Hill v. K. C. Railways Co.

IV.  There are several objections made as to the admission of incompetent evidence.  Generally the objections now urged are not of weight.  It is urged that witness Wren was improperly permitted to testify as to the speed of the car.  Objection was made and the court sustained the objection on the ground that the witness had not shown himself qualified to speak upon that question.  Thereupon counsel for plaintiff, with a question or two from the court, proceeded to qualify the witness, and the witness then gave his judgment of the speed without further objection by counsel for the defendant.  Counsel  are in no position to urge this question.

**Expert Witness.**

Much is said about the court in what occurred in the following testimony from witness Sturges:

**Stopping or Hesitating.**

"COURT:  State what you saw?  A.  The little girl started across the track and when she got on the track she became confused and the car struck her and it run over her.

"COURT:  Became confused at what, just strike that out, and state what she did.  A.  When she got on the track (interrupted)—

"Q.  When she got on the track, did she go across or stop?  A.  She did not have time before the car struck her.

"MR. HARDIN:  I move the answer of the witness be stricken out as a conclusion.

"COURT:  The objections are sustained.

"COURT:  Did she keep going across?  A.  She became confused, apparently she has lost her head.

"Q.  What did she do?  A.  She hesitated.

"Q.  How long did she hesitate?  A.  Well, I could not say as to that.

"Q.  Did she stop?  A.  Yes, sir, she hesitated on the track.

"COURT:  What way did she go as she was walking across the track?  A.  Crossed from the south to the north.

"Q.  She was going north?  A.  Yes, sir.

"COURT:  When she got on the track she stopped?  A.  Yes, sir.

"MR. HARDIN:  I object to that, he did not say she stopped, he said she hesitated.

"COURT:  I will overrule it; go ahead.

"To which ruling of the court the defendant by its counsel then and there duly excepted.

"MR. HARDIN:  I move that all be stricken out.

"COURT:  The motion is overruled.

"To which ruling of the court the defendant by its counsel then and there duly excepted.

"COURT:  Which way was she facing when she stopped?

"MR. HARDIN:  I objected to that as assuming she stopped, and not proper examination.

"COURT:  Same ruling; objections are overruled.

"To which ruling of the court the defendant by its counsel then and there duly excepted.

"A.  I could not say as to which way the little girl was facing when she stopped.

"COURT:  She had been going north?  A.  Yes, sir.

"COURT:  Did she turn or make any movement?  A.  I do not remember as to that.

"COURT:  Was she standing still or moving when the car struck her; did you see the car strike her?  A.  No, sir, I was back a little too far for that.

"COURT: The front end?  A.  Yes, sir.

"COURT: How far did you see her ahead of the car?  A.  When I first noticed the little girl?

"COURT:  No, the last distance you could see her?  A.  Well, I should judge the little girl was ten or fifteen feet in front of the car.

"COURT: When your view was shut off?  A. Yes, sir.

"COURT: At that time was she standing still or walking?  A.  I think she was standing still.

"COURT:  You don't know which way she was looking, you do not remember?  A.  No, sir, I do not remember."

When all this evidence is read, it is clear that the witness meant in the first instance to say that the little girl stopped upon the track. The question was, "Did she stop?" The answer was, "Yes, sir, she hesitated on the track." From that the court took it that the witness meant that she stopped (a least for a short time) on the tracks, and the subsequent testimony of the witness shows this to be a fact. For later he was asked whether she was standing still or walking, and the witness said: "I think she was standing still." When the whole testimony is examined we can see no error in the action of the court.

Complaint is made of the introduction of a written statement made by one G. B. Mitchell, who was at a former trial a witness for plaintiff, but at this time a witness for defendant. It was shown that Mitchell Written said that the signature and statement were Statement. his, but he in a way denied the statement and signature at the trial. Without objection the witness signed his name on a paper, and the two were admitted for comparison by the jury. The statement tends to contradict Mitchell's testimony. One witness testified that prior to the former trial Mitchell had admitted that the written statement and signature were his, and from it all we must rule that there was no error in the admission of the document.

Other objections as to the testimony do not merit notice, and we pass to other questions.

V.　Misconduct upon the part of the trial court is charged as error. This misconduct was in the manner of the court examining witnesses. In a previous paragraph, in discussing the admission of evidence, we Misconduct have set forth the worst aspect of the court's of Court. conduct. The previous irritating conduct of the then trial counsel might be also set out with justification, but we shall not so do. Counsel briefing the case here did not appear below. Suffice it to say that it was sufficient to irritate a court, who was trying to get at the

real issues and the facts therein. We do not think the action of the court sufficient for a reversal of the judgment. Nor do we think there was harmful error in refusing to admit some evidence offered by defendant.

Further, this court will not disturb a verdict simply because it is against the weight of the evidence. That is for the trial court. If there is substantial evidence to support the verdict (as here) we will not review the evidence to determine the weight, or attempt to interfere with the province of the trial court in such matters. The defendant urges that we reverse the judgment, because against the weight of the evidence. This, like its contention of the refusal to admit proper evidence, must be overruled. No question is made in the assignment of error as to the size of the verdict, so that the propriety of the instructions given is all that there is left to this appeal.

There are so many sub-divisions of contentions in the voluminous brief, that we are forced to treat several of them in one paragraph—a bad practice, we admit.

VI. In the assignment of errors the defendant complains of instructions A and B given for plaintiff. Instruction A is the instruction on the humanitarian rule.

Instructions. We have, in connection with other matters, set out the material parts of this instruction, and we find no error in it. Instruction B is one upon the measure of damages. The instruction is a usual one in this class of cases, and the criticism thereof is super-critical. The following clause therein is criticised:

"Any mental anguish, if any, which the jury finds and believes from the evidence she has suffered and such,

Mental Anguish. if any, as the jury find and believe from the evidence she will with reasonable certainty hereafter suffer as a direct result of such injuries."

It is urged that there is no evidence that the little girl suffered or will suffer any mental anguish, as distinguished from bodily pain. The fearful injuries to

the child were fully described to the jury. The left arm was off just below the elbow. The left foot was off back to the heel. The big toe and the next one to it, of the right foot, were off, and the third toe was broken and bent out and under the foot in hook shape. This was the physical condition, which she must carry through life. Mental anguish is distinguishable from mere pain, and may be the outgrowth of just such a condition as we have described. As the years pass the condition for its production remains. We have omitted to state the nervousness shown to have been, and at the trial being, suffered by plaintiff.

Next it is said that the instruction is erroneous, because it authorized the jury to allow her to recover for impaired ability to earn money "after she became of legal age." Of this it is said that this court will not presume that a Missouri jury would know the legal age of a girl in Kansas. The presumption is indulged that the law of the forum is the same as that of Kansas. We touched upon this question in the first portion of this opinion. We do not deem the instruction improper. The judgment is affirmed. All concur.