THEODORE F. GRAUPNER and F. CASPER, Doing Business as Realtors Hauling Company, Respondents, v. ROLLA WELLS, Receiver of the UNITED RAILWAYS COMPANY OF ST. LOUIS, a Corporation, Appellant.

St. Louis Court of Appeals. Opinion Filed February 5, 1924.

1. **STREET RAILROADS:** Negligence: Collision: Failure of Motorman to Warn Truck Driver of Peril: Humanitarian Rule: Application. In an action for damages caused by a collision of defendant's street car with plaintiffs' motor truck, the failure of the motorman to warn the driver of the motor truck of the danger impending from the approaching car was a proper predicate for defendant's liability for the resulting injury under the humanitarian rule, although the driver of the truck saw the street car approaching before going upon the tracks, where the motorman had lost control of the car, and of this danger the driver of the motor truck was wholly oblivious, and the motorman knew of the peril and knew or could have known that the driver was oblivious

of it, and that a timely warning would have enabled the driver to extricate himself therefrom by merely turning the truck slightly to the right.

2. ———: ———: ———: ———: ———: **Evidence: Case for the Jury.** Evidence that when the driver of a motor truck drove the truck upon the street car tracks intending to make a turn an approaching street car was 250 feet distant and that the motorman immediately applied the brakes and pulled the sand lever, the track being very slippery, and the car slid the intervening distance colliding with the truck, the failure of the motorman to sound the gong or bell or give any warning of the danger impending from the sliding car, of which danger the driver of the motor truck was wholly oblivious, was negligence, and was sufficient to authorize the submission of that issue to the jury as affording a reasonable inference that if the motorman had performed his duty and given timely warning of the danger, the truck would have gotten off of the track and the collision would have been averted.

Appeal from the Circuit Court of the City of St. Louis.— Hon. *Franklin Miller,* Judge.

AFFIRMED.

*Charles W. Bates, T. E. Francis* and *Alva W. Hurt* for appellant.

(1) The court erred in refusing to give the jury the instruction in the nature of a demurrer to the evidence offered by defendant at the close of plaintiff's case and at the close of the whole case, for the following reasons: 1. Because plaintiff was guilty of contributory negligence as a matter of law, barring a recovery by him upon the theory of negligence which was submitted as the sole predicate of liability, namely, failure to warn. Gubernick v. United Rys. Co., 217 S. W. 33; Roenfeldt v. Railways Co., 180 Mo. 554; State ex rel. v. Reynolds, 233 S. W. 219; Kinlen v. Railroad, 216 Mo. 145. 2. Because the theory of negligence submitted as the sole predicate of liability, namely, failure to warn, was not the proximate cause of the collision. Peterson v. United Rys. Co., 270 Mo. 67; Gubernick v. United Rys. Co., 217

S. W. 33; Stepp v. Railroad, 85 Mo. 229; Winkler v. United Rys. Co., 229 S. W. 229; Battles v. Railways Co., 178 Mo. App. 596; Mockowik v. Railroad, 196 Mo. 550; Hutchinson v. Mo. Pac. Ry. Co., 195 Mo. 546. (2) Plaintiff's contributory negligence barred a recovery under the violation of the vigilant watch and speed ordinances and plaintiffs were not entitled to recover under these theories and the Last Chance Doctrine, because the facts necessary to their invocation were not proven. Burge v. Railroad, 244 Mo. 76; Fleming v. Railroad, 263 Mo. 180; Quinley v. Traction Co., 180 Mo. App. 307. (3) The court erred in giving the jury plaintiffs' modified instruction No. 1, which permitted a recovery upon the negligence of failure to warn, for the following reasons: 1. Because plaintiffs were guilty of contributory negligence barring a recovery under that theory of negligence. Authorities cited under subdivision 1, point 1. 2. Because failure to warn was not the proximate cause of the collision. Authorities cited under subdivisions 2, point 1.

*Conrad Paeben* for respondents.

*Albert Wiebe,* of counsel.

(1) Appellant's demurrer to respondents' evidence accepted that evidence as true. Stauffer v. Met. St. Ry. Co., 147 S. W. 1035; Dawson v. Railroad, 193 S. W. 43. Appellant, failing to stand on his demurrer to respondents' evidence, and by introducing evidence for himself, deprived himself of the right to a review of same. McWhirt v. C. & R. Ry. Co., 187 S. W. 833. (2) Appellant is without grounds for complaint as to respondents' contributory negligence under the violation of the "Vigilant Watch" ordinance, as he failed to ask a withdrawal instruction on the question after his demurrers to the evidence were overruled, hence a question of fact for the jury. Crone v. United Railways Co., 236 S. W. 656; Torrance v. Pryor, 210 S. W. 430; Leahy v. Winkel,

251 S. W. 483. (3) As in the instant case, one may be aware of the approach of a street car yet be unable to know or realize the rate of speed at which it is approaching, or that the car cannot be stopped under circumstances present, and be in a dangerous situation without knowing it; hence, under the humanitarian rule, a warning of danger is necessary. Albert v. United Railways Co., 232 S. W. 795; Hill v. K. C. Ry. Co., 233 S. W. 208. (4) Respondents' case, submitted to the jury under the instruction No. 1, was not predicated upon the failure to warn of the approach of the street car, but was predicated upon the humanitarian rule of failure to warn that the street car could not be stopped when the truck was in a position of danger and the driver oblivious thereof. Hill v. K. C. Rys. Co., 233 S. W. 208, and cases cited. (5) Instruction No. 1 cast a greater burden upon respondents for a recovery under the humanitarian rule than that, even though the jury found that the truck was in a position of danger and its driver oblivious thereof; yet, as a further condition to a recovery, the instruction charged that the jury would have to further find and believe from the evidence that the respondents' agent and servant was exercising ordinary care at the time for the safety of respondents' truck.

SUTTON, C.—This is an action for damages caused by a collision of the defendant's street car with the plaintiffs' motor truck. The collision occurred on January 20, 1920, at the intersection of Beaumont and Olive streets, in the city of St. Louis. Olive street runs east and west; Beaumont street runs north and south. The defendant maintains a double track on Olive street. The motor truck in charge of plaintiffs' driver was proceeding westward on the north side of Olive street. Another employee of plaintiffs was seated to the left of the driver. The truck was a right-hand drive, and was about ten feet long. On arriving at the east line of Beaumont street, the driver of the motor truck and his co-employee saw defendant's street car about 250 feet west

of the intersection, moving eastward. Desiring to turn around and drive back east on Olive street, the driver of the motor truck extended his right hand as a signal for making the turn, and turned the motor truck into Beaumont street, across the tracks, to a point near the southeast corner of the intersection. He was unable to complete the turn without running into a snow bank on the south side of Olive street. He reversed the machine, signaled his intention to back the machine, by extending his right hand, backed the machine, completed the turn, and proceeded eastward along the south side of Olive street. When the truck had proceeded from Beaumont street about fifteen or twenty feet into Olive street, the street car collided with the rear end of the truck, turning the truck around so that it faced west. At the time of the collision the truck was moving to the east, pulling to the right, and had cleared the track, except the left rear wheel. The street car struck the left rear corner of the body of the truck. The speed of the street car was not shown. An ordinance of the city, however, requires that the speed of street cars in that territory should not exceed ten miles per hour.

The driver of the motor truck did not testify. It was said that he was in the employ of defendant at the time of the trial. However, the plaintiffs' employee, who was seated by the driver at the time of the accident, testified for plaintiffs, and it is by his testimony, in the main, that the details of the collision as above set out are disclosed. This witness also testified that the street car tracks were not slippery, that it was a cold day and the rails were dry, and that he did not observe any slippery condition of the tracks.

A passenger on the front platform of the street car witnessed the collision. He testified that when the motor truck turned out of Olive street into Beaumont street, across the tracks, the street car was about 200 feet west of the motor truck; that the motorman of the street car immediately applied the brakes and pulled the sand lever, and continued to apply the brakes and

pull the sand lever until the collision occurred; that the track was very slippery; that the car slid along like it was on a soaped track; that the motorman tried his best to stop the car, but that it slid on the rails like they were soaped.

The evidence showed that the motorman did not sound the gong or bell on the street car, or give any warning of the danger impending from the sliding car. The motorman did not testify.

There was a verdict and judgment for plaintiffs, and defendant appeals.

Defendant complains that the court erred in submitting to the jury the failure of the motorman to warn the driver of the motor truck of the danger impending from the approaching car as a predicate of liability, under the humanitarian rule, and as ground of this complaint the defendant urges that the evidence was insufficient to authorize the submission of that issue to the jury. Speaking more specifically, the defendant insists that the evidence shows that the driver of plaintiffs' truck saw the approaching car when he started to make the turn in Beaumont street, and, that having knowledge of the approach of the car, no warning was necessary to notify him of such approach, and that the failure of the motorman to warn him by sounding the gong or bell was not the proximate cause of the injury for which plaintiffs sue. The instruction, however, did not predicate liability upon the failure of the motorman to warn plaintiffs' driver of the approach of the car, but upon his failure to warn the driver of the danger impending from the approach of the car under the circumstances shown in evidence.

"Under the humanitarian rule, if the operator of a car sees one in peril, and oblivious thereof, then he is required to use any and all means at his hand to avert the injury of such person. If he can stop his car, he must stop. If the slackening of speed, although unable to stop, will avert the injury, he must do that. If a warning will avert the injury ordinary care requires that of

such operator.'' [Hill v. Kansas City Railways Co., 289 Mo. 193, l. c. 204, 233 S. W. 205; Albert v. United Railways Co., — Mo. App. —, 232 S. W. 793, l. c. 795; Wolf v. Wabash Ry. Co., — Mo. App. —, 251 S. W. 441, l. c. 445; Kinlen v. Metropolitan St. Ry. Co., 216 Mo. 145, 115 S. W. 523; Hinzeman v. Missouri Pacific Ry. Co., 182 Mo. 611, l. c. 623, 81 S. W. 1134; Cytron v. St. Louis Transit Co., 205 Mo. 692, l. c. 719, 104 S. W. 109.]

In the case at bar, while the defendant's street car was yet 250 feet from the point of collision, the motorman operating the car became aware of the danger threatening the plaintiffs' motor truck, and the persons in it. While the street car was covering this entire distance, the motor truck was maneuvering within the danger zone. The motorman must have known that the driver of the truck was oblivious of the impending danger. It is certain the motorman was not permitted to assume that the driver of the truck knew the motorman had lost control of his car by reason of the slippery condition of the track, and that the driver was aware of the danger impending by reason of such loss of control. Notwithstanding the motorman knew of the danger and must have known that the driver of the truck was oblivious of the danger, he permitted his car to slide uncontrolled over a slippery track, a distance of 250 feet, till it overtook and collided with the plaintiffs' motor truck, without sounding the gong or bell, or otherwise warning the driver of the impending danger. That the failure of the motorman to sound the gong or bell under such circumstances was negligence, there can be no doubt. Nor do we think there can be any question that the evidence was amply sufficient to afford a reasonable inference that, if the motorman had performed his duty and given timely warning of the danger, the truck would have gotten off of the track, and the collision would have been averted. [Battles v. United Railways Co., 178 Mo. App. 596, l. c. 614, 161 S. W. 614; Stotler v. Chicago & Alton Railway Co., 200 Mo. 107, l. c. 136, 98 S. W. 509.]

Defendant's counsel rely upon Gubernick v. United Railways Co., — Mo. —, 217 S. W. 33. The facts in that case are very different from the facts in the case at bar. Besides, in that case, the humanitarian rule was not invoked in the pleadings, and this was distinctly pointed out in the opinion as the ground for holding that the plaintiff was not entitled to recover under the humanitarian rule.

Defendant's counsel also rely upon Peterson v. United Railways Co., 270 Mo. 67, l. c. 74, 192 S. W. 938. In that case, plaintiff was in an automobile stalled on the street car tracks. He testified that he saw the street car running rapidly toward him, that he saw the car and its movement up until about the time it struck the automobile, and that the car was coming so fast, he did not know what to do. It is clear that in that case the plaintiff not only saw the car and its movements up until the time it struck the automobile, but that he also fully realized the impending danger. In fact he was so struck with consternation and fear of the danger which threatened him, that he did not know what to do to extricate himself from his perilous situation. It was under this state of facts that the court held that the failure to sound the gong should not have been made a predicate for a recovery. There is no difficulty in distinguishing the Peterson case on its facts from the case at bar.

The facts and circumstances which will bring a cause within the rule imposing liability for failure on the part of the motorman of a street car to warn a person in a perilous position and oblivious thereof, are as variant as the cases in which the rule has been invoked, and judicial utterances in any such case must be interpreted in the light of the facts of that case. So interpreting the Peterson case, we think it decides nothing more than that the failure of the defendant's motorman to warn the plaintiff of what he already knew, was not the proximate cause of his injury, and that, therefore, to make such failure a predicate of liability was reversible error. We do not understand it as holding that where the motor-

man of a street car sees a person in a perilous position on the tracks, knows that such person is in peril and knows that he is oblivious of his peril, and under such circumstances fails to warn him of his peril, when such warning would enable him to extricate himself from his peril, and injury results to such person, such failure to warn may not properly be, made a predicate of liability for the resultant injury, merely because the injured person saw the car approaching when he went upon the tracks. If, however, it does so hold, it is out of accord with the more recent decision in Hill v. Kansas City Rys. Co., 289 Mo. 193, l. c. 204, 233 S. W. 205, wherein it is distinctly ruled that, if the operator of a street car sees one *in peril and oblivious thereof,* and a warning will avert the injury, ordinary care requires that such warning be given, and that the failure to give such warning is properly made a predicate of liability.

In the case before us, the danger to plaintiffs' driver, with which we are here concerned in applying the humanitarian doctrine, arose from the fact that when the truck was upon the track and proceeding to go east the motorman had lost control of the car. Of this danger the driver of the motor truck was wholly oblivious. The motorman of the street car knew of the peril, and knew or ought to have known that the plaintiffs' driver was oblivious of it, and that a timely warning would enable him to extricate himself therefrom by merely turning the truck slightly to the right. To hold that the failure of the motorman, under these circumstances, to warn plaintiffs' driver of his peril was not a proper predicate of liability on the part of defendant for the resultant injury, would be to abrogate the humanitarian doctrine.

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM: The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Allen, P. J.,* and *Becker* and *Daues, JJ.,* concur.