STATE OF MISSOURI at the relation of GUY A. THOMPSON, Trustee in Bankruptcy of the MISSOURI PACIFIC RAILROAD COMPANY, a Corporation, Relator, v. HOPKINS B. SHAIN, EWING C. BLAND and N. T. CAVE, Judges of the Kansas City Court of Appeals.—No. 37570.

STATE OF MISSOURI at the relation of JOHN ROSANBALM, Administrator of the Estate of HERBERT ROSANBALM, Relator, v. HOPKINS B. SHAIN, EWING C. BLAND and N. T. CAVE, Judges of the Kansas City Court of Appeals.—No. 37574.—159 S. W. (2d) 582.

Court en Banc, November 20, 1941.

Rehearing Denied, March 10, 1942.

28

*Thomas J. Cole, L. J. Bishop* and *Patterson, Chastain & Smith* for relator in Case No. 37570 and for respondents in Case No. 37574.

30

*Will H. Hargus, Phineas Rosenberg* and *Joseph Koralchik* for relator in Case No. 37574, and for respondents in Case No. 37570.

HAYS, J.—John Rosanbalm, Administrator of the Estate of Herbert Rosanbalm, deceased, brought suit in the Circuit Court of Johnson County against Guy A. Thompson, Trustee in bankruptcy of the Missouri Pacific Railroad Company, a corporation, to recover damages for the death of plaintiff's intestate. From a judgment for the plaintiff defendant appealed to the Kansas City Court of Appeals. That court held that the evidence was sufficient to warrant the submission of the case to the jury but reversed and remanded because of an alleged error in an instruction given by the trial court at the request of the plaintiff. Both parties seek review of this decision of the court of appeals by certiorari. In case here numbered 37570 the defendant trustee (appellant below) asks us to quash that portion of the opinion which holds that the plaintiff made a submissible case. In case here numbered 37574 the plaintiff administrator (respondent below) complains of that portion of the opinion which holds that the instruction, above mentioned, was erroneous and which consequently orders that the cause be reversed and remanded to the circuit court. The two cases were argued together and can best be disposed of in one opinion. To avoid confusion growing out of the fact that both the plaintiff Rosanbalm, administrator, and defendant Thompson, trustee, in the trial court are relators here we shall, for the purpose of convenience, continue to designate them as plaintiff and defendant.

Since the case is here on certiorari we are limited to the consideration of such facts as are stated in the opinion of the court of appeals, together with the pleadings, instructions, and other documents specifically referred to in such opinion, and we cannot go to the original record to ascertain any facts not so stated. It will be well, however, to briefly restate the facts of the case as we understand them from an examination of the sources above referred to.

Plaintiff's intestate was killed as the result of a collision between an automobile which he was driving at the time and a passenger train operated by the defendant. This collision took place at the town of Pleasant Hill, Missouri. The defendant's track at that point runs approximately in an east and west direction. It parallels Highway 58, which is to the south of the track. Benton Street commences at Highway 58 and runs north approximately at right angles to said highway, crossing the defendant's track at grade seventy-five feet north of the center line of said highway. Main Street is parallel to Benton Street and nine hundred and sixty feet east thereof. The defendant's passenger train approached the intersection from the east. The deceased drove east along Highway 58 and then turned north on Benton Street and proceeded to the grade crossing, above mentioned, at a speed of from ten to fifteen miles an hour. The side curtains were on deceased's car. The train, approaching from the east, was travelling approximately forty miles per hour and the engine struck deceased's automobile in the center thereof. While there is some evidence in the record that defendant's agents caused the whistle of the train to be sounded some time before the accident, probably before arriving at the Main Street crossing, there is substantial evidence that after the train passed Main Street and came within sight of deceased's automobile, the whistle was not blown nor the bell rung.

Defendant's fireman was called by the plaintiff. He testified that he was in his usual position on the left side of the engine; that he did not see deceased's automobile until the collision had occurred; that it would have taken from four to five seconds after the application of the train's brakes before they could take effect. He said that the reason he did not see the automobile was because the boiler of the engine protruded beyond the window of the cab and because of a curve in the track east of Benton Street, but the photographs introduced in evidence and mentioned in the court's opinion show clearly that this curve was to the fireman's right and away from the approaching automobile of deceased, so that instead of interfering with the visibility it made the visibility greater. The same photographs also show that there were neither buildings nor other obstructions between the track and Benton Street which would in any wise have interfered with visibility.

Defendant at the close of plaintiff's evidence and at the close of the case requested the trial court to direct a verdict. These requests were refused. Thereafter that court, at the request of the plaintiff, gave the instruction which was found erroneous by the court of appeals. Said instruction is very long and in the interest of economy of space we will epitomize the same, quoting only the particular portion here attacked and omitting reference to the purely formal parts not now in controversy. The instruction told the jury that if they found that defendant's west bound passenger train collided with deceased's automobile at the Benton Street crossing, and that at the time said deceased was in a position of imminent peril and was oblivious thereof ". . . and, if you further find and believe from the evidence that the defendant's said agents and servants saw, or by the exercise of ordinary care on their part could have seen, the said Herbert Rosanbalm and said automobile in a position of imminent peril of being struck as aforesaid and oblivious thereof, if you do so find, in time thereafter for the defendant's said agents and servants, in the exercise of ordinary care, and with the means and appliances at hand, and with reasonable safety to said train and the persons thereon to have slackened the speed of said steam locomotive and passenger train and to have sounded an audible warning of its approach and proximity and that, by so doing, if you so find, said collision and the injury to and death of said Herbert Rosanbalm would thus and thereby have been avoided and, if you further find and believe from the evidence that the defendant's said agents and servants did fail to slacken the speed of said steam locomotive and passenger train and to sound an audible warning of the approach of said locomotive and passenger train and its proximity under the circumstances aforesaid, if you do so find, and that, in thus failing, if you do so find, the defendant's agents and servants did fail to exercise ordinary care and were guilty of negligence . . .," which negligence was the proximate cause of the accident, then the verdict should be for the plaintiff.

The court of appeals held that this instruction predicated a verdict upon two distinct types of humanitarian negligence, to-wit: failure to warn and failure to slacken speed; that the submission of these two charges of negligence was inconsistent under the rule laid down by this court in Kick v. Franklin, 342 Mo. 715, 117 S. W. (2d) 284. They also found, however, that there was sufficient evidence to warrant the submission of the case on the issue of the failure to warn. They accordingly reversed and remanded.

 We will direct our attention first to the issues raised in case number 37570, in which the defendant in the trial court is relator. In that case defendant complains upon several grounds of the holding of the court of appeals to the effect that plaintiff made a sub-

missible case. The case was submitted solely on humanitarian negligence. While the elements of the humanitarian doctrine have been many times stated by this court, it will be best to preface our consideration of the present case by restating those elements as they have been heretofore declared by us in our prior controlling decisions. The essence of the doctrine is this: that a defendant, who is in charge of a dangerous instrumentality such as a railroad train or automobile, will be held liable notwithstanding the contributory negligence of the plaintiff if the following elements are present in the fact situation: (1) That the plaintiff was in a position of imminent peril; (2) that the defendant by the exercise of reasonable care (in the case of a defendant who is driving a motor vehicle on a public highway the highest degree of care is required) could have discovered the peril of the plaintiff; (3) that after the plaintiff's peril became discoverable the defendant could have averted the accident by use of the means and instrumentalities then and there at hand and without danger to himself or others; (4) that the defendant failed to make use of such means and instrumentalities to avoid the accident. [Evans v. Farmers Elevator Company, 347 Mo. 326, 147 S. W. (2d) 593; Blunk v. Snider, 342 Mo. 26, 111 S. W. (2d) 163.] Defendant contends that the court of appeals held that defendant's servants were bound to warn deceased of the approach and proximity of the train if they could see him *approaching* a position of peril and that this holding enlarges the so-called "zone of peril" to an extent which is in conflict with our prior controlling decisions and particularly with the case of Buehler v. Festus Mercantile Co., 343 Mo. 139, 119 S. W. (2d) 961, and Stark v. Berger, 344 Mo. 170, 125 S. W. (2d) 870. There is, it is true, some language in the cases to the effect that the defendant's duty under the humanitarian rule arises when he can see that the plaintiff is "about to enter" a position of peril. [Iman v. Walter Freund Bread Co., 332 Mo. 461, 58 S. W. (2d) 477.] On the other hand in the Buehler and Stark cases we held in accordance with the basic principles underlying the humanitarian doctrine that that rule cannot apply until the plaintiff is actually in imminent peril. In other words, we held that the zone within which the defendant is under a duty to the plaintiff under the humanitarian doctrine is not so extended as to apply to a plaintiff who is merely approaching a position of peril. It is to be noted, however, that the court of appeals in the present case does not use the expression "approaching a position of peril." Defendant merely contends that upon the facts as stated by the court its liability could have been sustained only by extending the zone in the manner indicated. An examination of the facts does not sustain this contention. It is obvious that under our decisions ▮▮▮ a plaintiff may be in peril even though he is not directly in the path of the defendant's on-coming vehicle. If the plaintiff is driving an automobile and has reached a position of such prox-

imity to the path of the defendant's vehicle that even an immediate application of the brakes could not cause him to stop before the collision occurs, he is certainly in peril. But defendant contends that in the Stark case we limited the zone of peril to this stopping distance of the plaintiff's automobile. A careful reading of the Stark case does not sustain such contention. We pointed out therein that there was no evidence to show that the plaintiff before reaching a position within stopping distance of the track was oblivious to the approach of the defendant's train. This fact of obliviousness in and of itself can place a plaintiff in a position of peril. In other words, under the cited decisions, if a plaintiff is approaching the pathway of the defendant on a course which, unless he stops, will produce a collision and if he is at the time oblivious to the presence and approach of the defendant, this in itself will cause him to be in a position of peril and not merely approaching a position of peril. The court of appeals in the present case found obliviousness of the deceased as one of the facts upon which it based its decision.

But as we have seen under the rule laid down in our decisions it is not sufficient to show that the plaintiff was in a position of peril; it is necessary in addition to show that such peril could have been discovered by the defendant had he exercised the required degree of care. If, then, the peril of plaintiff arises out of the fact of his obliviousness to the approach and proximity, it must be possible for the defendant to discover such obliviousness. The court of appeals in the present case specifically found that the fireman could have seen that deceased was oblivious to the approach of the train because of his continued progress toward the track at undiminished speed, because of the presence of side curtains on the car, and because of certain other facts not specified in the opinion. It is contended by the defendant that this finding was not based upon evidence stated in the opinion but purely upon conjecture and surmise, and that the opinion, therefore, conflicts with certain of our cases, particularly Shepherd v. Chicago, Rock Island & Pacific R. Co., 335 Mo. 606, 72 S. W. (2d) 985; Kirkdoffer v. St. Louis-San Francisco R. Co., 327 Mo. 166, 37 S. W. (2d) 569. The court of appeals expressly recognized the rule announced in our decisions that there must be evidence tending to show that the defendant could have discovered the deceased's position of peril arising out of his obliviousness. It then applied this recognized rule to the facts of the case before it. Consequently there can be no conflict between the opinion under review and our cases unless we have considered the applicability of the rule to a case involving the same or a similar state of facts and held it to be inapplicable thereto. [State ex rel. Hauck Bakery Co. v. Haid, 333 Mo. 76, 62 S. W. (2d) 400; State ex rel. Vesper-Buick Automobile Co. v. Daues, 323 Mo. 388, 19 S. W. (2d) 700, l. c. 703, 67 A. L. R. 157.] We have examined the numerous cases cited in the defendant's brief and

36

other cases in point and have failed to discover any in which the facts were substantially similar to those in the case at bar. On the other hand, the case of Vowels v. Missouri Pacific, 320 Mo. 34, 8 S. W. (2d) 7, seems to directly sustain the position of the court of appeals in this case.

Defendant next asserts that the fireman had a right to assume that deceased would stop before reaching the track and that since he had this right, he could not be required to discover the peril of the deceased until deceased reached a position sufficiently close to the track that his automobile could not have been stopped before going thereon. In this connection defendant cites Stark v. Berger, supra; Poague v. Kurn, 346 Mo. 153, 140 S. W. (2d) 13; Clark v. Atchison, Topeka & Santa Fe, 319 Mo. 865, 6 S. W. (2d) 954, and other cases, all of which we have examined. In each of the cases in which the right of a railroad company's employees to assume that a plaintiff will stop has been discussed, we have carefully limited this assumption by stating that the facts must show nothing which discloses that the plaintiff is not intending to stop. In other words, the assumption cannot be universally relied upon. If the positive evidence shows conduct on behalf of the plaintiff indicating that he is going onto the track without stopping and this is discoverable by the agents of the defendant, their duty to warn remains. The court of appeals in the present case found such facts in the deceased's approach at undiminished speed, the presence of side curtains on his car, and the manner in which he was driving. The statement of facts in the opinion is meager. The court does not detail all of the evidence. But we are bound by its findings. We cannot say that it disregarded the rule in regard to the assumption, above mentioned, as that rule is limited by our decisions.

Nor do we say that the present decision conflicts with the rule as we have announced it that the duty to warn and the opportunity to discover the plaintiff's peril must co-exist, or, otherwise stated, that the duty to warn cannot arise until the plaintiff's peril is discoverable. [Sullivan v. Atchison, Topeka & Santa Fe, 317 Mo. 996, 297 S. W. 945; State ex rel. Fleming v. Bland, 322 Mo. 565, 15 S. W. (2d) 798; Zickefoose v. Thompson, 347 Mo. 579, 148 S. W. (2d) 784; White v. Kansas City Public Service Co., 347 Mo. 895, 149 S. W. (2d) 375; Poague v. Kurn, supra.] The court of appeals found that the fireman, after the deceased's position of peril became discoverable, had two and a half seconds within which to warn deceased. We do not have all of the evidence before us. We cannot say exactly how the court of appeals fixed this time. In other words we cannot say from the statement before us how the court of appeals determined the exact point reached by the deceased on Benton Street at which his position of peril, caused by his obliviousness, could have been seen by the fireman. But we cannot presume that the court of appeals made this

finding without evidence to support it. The court proceeds to hold that within the space of two and one-half seconds a warning might have been effectually given. The opinion does not state whether or not there was direct evidence as to the time which would have been required for the fireman to have said "whistle" and for the engineer to pull the whistle cord. Defendant, assuming that there was no evidence on this question, says that the opinion in permitting recovery without such evidence runs counter to our decisions in Kirkdoffer v. St. Louis-San Francisco R. Co., supra; Sullivan v. Atchison, Topeka & Santa Fe, supra; State ex rel. Wabash R. v. Bland, 313 Mo. 246, 281 S. W. 690; Schneider v. Terminal R. Assn., 341 Mo. 430, 107 S. W. (2d) 787; Perkins v. Terminal R. Assn., 340 Mo. 868, 102 S. W. (2d) 915; Cochran v. Thompson, 347 Mo. 649, 148 S. W. (2d) 532, and State ex rel. Alton R. Co. v. Shain, 346 Mo. 681, 143 S. W. (2d) 233. Most of these cases simply lay down the general rule above mentioned that the duty to warn and the discoverability of peril must coincide in time, which, as we have seen, is recognized by the court of appeals. Other cases lay down the rule that a verdict must not be based upon pure speculation. We have here to deal with the question of whether or not the inference that the acts of warning could have been performed within two and a half seconds is a reasonable one. Defendant says that the case of State ex rel. Wabash R. v. Bland, supra, expressly holds that there must be direct evidence on the question of the time within which the warning could be given. The facts in that case were somewhat different from those in the case at bar. They need not be discussed at length, however, because of the fact that our later decision in Chawkley v. Wabash R., 317 Mo. 782, 297 S. W. 20, is express authority in support of the decision of the court of appeals here. We there said:

"It is not a violent inference that the fireman could say 'whistle!' and the engineer could pull the cord within the space of a single second or less. We do not have to indulge in refinements to reach such a conclusion because trainmen are trained to act instantaneously." It is to be noted that in the Chawkley case there was no direct evidence on the question of how long it would have taken the fireman and engineer to have performed these acts. In the very recent case of Kick v. Franklin, supra, we quoted the above passage from the Chawkley case with approval and as the basis of our decision. Since the opinion of the court of appeals is based upon the Chawkley case and since we find no later cases overruling or disapproving what was there said or what was said to the same effect in Kick v. Franklin, supra, there is no conflict upon this point.

What we have said above disposes of the contention of the defendant that the opinion under review permits recovery based on speculation and conjecture and is in conflict, therefore, with State ex

rel. Kansas City Southern R. Co. v. Shain, 340 Mo. 1195, 105 S. W. (2d) 915, and State ex rel. Wabash R. v. Bland, 313 Mo. 246, 281 S. W. 690, and other similar cases. The rule that a verdict may not be sustained upon mere conjecture and surmise is too well established to require the citation of authorities therefor. But we hold that the instant opinion does not rest its approval of the verdict upon such consideration.

Finally, it is contended that the evidence offered by plaintiff leaves the question of whether or not signals were actually sounded in equipoise and that this court has ruled that where such equipoise of evidence exists a plaintiff is not entitled to go to the jury. [Wills v. Berberich's Delivery Co., 345 Mo. 616, 134 S. W. (2d) 125.] Of course, if the plaintiff's evidence taken as a whole discloses a fact situation in which it is equally probable that the plaintiff's injury might have been caused by the wrongful act of the defendant or by something else plaintiff cannot recover. Plaintiff must offer evidence directly tending to prove that the defendant's act was the cause of his injury. But again, we find in the present case no such equipoise of the evidence as is mentioned in the Wills case. Plaintiff offered, as the opinion under review shows, a considerable amount of credible evidence which directly showed a failure to sound warnings. It was for the jury to say whether or not they believed such evidence and the court of appeals, in holding that the case was properly submitted to the jury, did not run afoul of the equipoise rule stated in the Wills case.

We conclude, therefore, that in case No. 37570 our writ was improvidently issued and it should be quashed.

We turn now to the questions raised by the petition in case No. 37574, in which the plaintiff in the trial court is relator. That relator complains of the ruling of the court of appeals to the effect that plaintiff's instruction No. 1, the substance of which we have above stated, was erroneous, and which consequently reverses and remands the cause. The portion of the opinion involved is short and may be quoted in its entirety. It is as follows:

"It is further argued the instruction submitted two inconsistent theories of negligence, namely, failure to sound an alarm and failure to slacken speed, which is in conflict with the rule announced in the case of Kick v. Franklin, 342 Mo. 715, 117 S. W. (2d) 284 . . .

"The instruction considered in the Kick case is substantially the same as instruction No. 1 in the instant case. Thus, even though there was evidence tending to show the engineer could have slackened speed, such proof would have been inconsistent with the theory that a failure to warn was the proximate cause of the collision.

"The courts have ruled many times that an instruction which placed on plaintiff a heavier burden than he was required to carry, was an error of which the defendant could not complain. Westen-

haver v. St. Louis-San Francisco Ry. Co. [340 Mo. 511], 102 S. W. (2d) 661; Gettemeyer v. Thies (Mo. App.), 51 S. W. (2d) 868, and cases cited therein.

*"As we read the Kick case the court held that the two grounds of negligence submitted in plaintiff's instruction No. 1 are inconsistent and the fact they were submitted in the conjunctive did not cure the error.*

"The Kick case is the last decision of the Supreme Court and it is controlling on this court."

This court, in a long line of cases, has held that a plaintiff in a negligence action may assign many different charges of negligence, so long as they are not mutually inconsistent. By mutual inconsistence is meant that the evidence tending to prove one assignment will necessarily disprove the other. [Farrar v. Metropolitan St. R. Co., 249 Mo. 210, 155 S. W. 439; State ex rel. Tunget v. Shain, 340 Mo. 434, 101 S. W. (2d) 1; White v. St. Louis, etc., R. Co., 202 Mo. 539, 101 S. W. 14; Haley v. Missouri Pacific, 197 Mo. 15, 93 S. W. 1120; Crews v. Wilson, 312 Mo. 643, 281 S. W. 44; Clark v. St. Joseph Terminal R. Co., 242 Mo. 570, 148 S. W. 472.] Even in a humanitarian case two different charges of negligence may be submitted to the jury where inconsistency, as above defined, does not exist. [State ex rel. Fleming v. Bland, 322 Mo. 565, 15 S. W. (2d) 798; Payne v. Reed, 332 Mo. 343, 59 S. W. (2d) 43; Hill v. Kansas City R. Co., 289 Mo. 193, 233 S. W. 205; Raymen v. Galvin (Mo.), 229 S. W. 747; Logan v. C., B. & Q., 300 Mo. 611, 254 S. W. 705.] We have also held that where an instruction requested by the plaintiff submits two charges of negligence in the conjunctive and there is no evidence supporting one of them, the error is not prejudicial to the defendant and may not be complained of by him. [Westenhaver v. St. Louis-San Francisco R. Co., 340 Mo. 511, 102 S. W. (2d) 661.] If, then, the opinion of the court of appeals on this point is to be sustained it must be upon the basis of the case of Kick v. Franklin, supra. But it is said that the court of appeals adopted the rule in Kick v. Franklin, and even though it misapplied the rule to the facts such misapplication cannot be corrected by this court on certiorari. However, the italicized portion of the court of appeals' opinion, above quoted, shows that that court held that under the Kick case the two assignments of failure to warn and failure to slacken speed may never be joined in a humanitarian case; that, regardless of the particular and peculiar evidence involved, such assignments are in their very nature universally inconsistent. If, then, this is not the holding in the Kick case it clearly conflicts with the previously cited cases in this court and conflicts with the Kick case itself, and the opinion cannot stand. What we said in the Kick case must be read in the light of the facts of that case as we set them out in the opinion. That case, like the present case, was a crossing accident

and like the present case was submitted upon the humanitarian theory under an instruction which charged negligent failure to warn and negligent failure to slacken speed, but at that point the similarity ceases. In the present case the deceased never stopped but proceeded along the whole block of Benton Street between the highway and the railroad at an undiminished speed. In the Kick case the plaintiff stopped about twenty-five feet from the track and then started up and ran onto the track immediately in front of the oncoming train of the defendant. We analyzed mathematically the evidence as to the speed and the positions of the two vehicles and we came to the conclusion that the very evidence relied upon to show that the defendant could have averted the accident by warning would disprove the ability of the defendant to avert the accident by slackening speed sufficiently to let the plaintiff beat the train at the crossing. The whole portion of the opinion discussing the instruction there given is devoted to demonstrating the inconsistency based on these peculiar evidentiary facts and therefore decides that there is no necessary inconsistency between the charges of failure to warn and failure to slacken speed in cases in which such evidentiary facts are not shown. It does not decide that inconsistency between these two charges exists universally and as a general rule, and hence the present opinion in so ruling conflicts not only with the previous decisions of this court but with the case of Kick v. Franklin itself when that case is rightly understood.

For the reasons above assigned we hold that our writ in case number 37570 was improvidently issued and should be quashed, and we hold also that in case number 37574 the portion of the opinion herein quoted is in conflict with our prior controlling decisions, and said portion of the opinion and the conclusion therein reached, which held that the cause must be reversed and remanded, must be quashed. It is so ordered. All concur.