IDA WILLOTT, Appellant, v. EDWARD A. WILLOTT.—62 S. W. (2d) 1084.

Division Two, September 4, 1933.

*Edmund Burke* for plaintiff.

*Clark, Boggs, Cave & Peterson* and *William H. Becker* for respondent.

FITZSIMMONS, C.—The question raised by this appeal is whether we should overrule a previous decision of this court (Rogers v. Rogers, 265 Mo. 200, 177 S. W. 383) holding that a wife cannot maintain a civil action against her husband for a personal tort. The Circuit Court of Randolph County sitting at Huntsville sustained a demurrer to appellant's petition by which she sought to recover from respondent, her husband, damages in the sum of $10,000 for personal injuries suffered in an automobile accident. The petition as amended alleged that at a time when respondent and appellant were husband and wife they were riding in an automobile owned by respondent husband; that appellant was driving the car and that they were proceeding from Kansas City, Missouri, to Moberly, Missouri; that at a point between Marshall and Slater, Missouri, while the car was traveling at a speed of twenty-five miles per hour, respondent negligently wrested the steering wheel from her and thereby caused the automobile to swerve and to turn over in a ditch, as a direct result of which appellant suffered severe and permanent injuries.

In the case of Rogers v. Rogers et al., supra, plaintiff sued defendants for damages for false imprisonment in causing her to be committed to and confined in an insane asylum. Defendant Rogers demurred upon the ground that the petition disclosed that he and plaintiff were husband and wife and hence that it did not state a cause of action. The other defendants demurred for the reason that there was a misjoinder of parties defendant, it appearing upon the face of the petition that defendant Rogers, and plaintiff were husband and wife. The trial court sustained all demurrers and, plaintiff declining to plead further, rendered final judgment in favor of defendants, from which judgment plaintiff appealed to this court. The judgment was affirmed as to Rogers and the proceedings dismissed as to him, but the judgment was reversed as to the other defendants upon the ground that a misjoinder of defendants does not as a rule defeat an action *ex delicto*.

The demurrer in the instant case was upon the ground that

it appeared upon the face of the petition that the plaintiff, the wife of defendant, had not legal capacity or right to sue the defendant, her husband. We are of opinion that this court in the Rogers case, supra, correctly stated the law of Missouri upon the question there involved and here raised again, and therefore that the judgment of the trial court in the instant case should be affirmed.

At common law neither husband nor wife had a cause of action against the other for injuries to his or her person. The question decided in the Rogers case and raised again here is whether the Missouri Married Woman's Act has changed the rule of the common law by giving to a wife the right to bring such an action. Sections 704 and 2998, Revised Statutes 1929, are two sections of this act and are as follows:

■ "Sec. 704.—A married woman may, in her own name, with or without joining her husband as a party, sue and be sued in any of the courts of this State having jurisdiction, with the same force and effect as if she was a *femme sole*, and any judgment in the cause shall have the same force and effect as if she were unmarried."

"Sec. 2998.—A married woman shall be deemed a *femme sole* so far as to enable her to carry on and transact business on her own account, to contract and be contracted with, to sue and be sued, and to enforce and have enforced against her property such judgments as may be rendered for or against her, and may sue and be sued at law or in equity, with or without her husband being joined as a party; *Provided*, a married woman may invoke all exemption and homestead laws now in force for the protection of personal and real property owned by the head of a family, except in cases where the husband had claimed such exemption and homestead rights for the protection of his own property."

Section 3003, Revised Statutes 1929, is the third section of the act. Although appellant places some reliance upon that section for her contention, yet it so obviously relates alone to the separate property rights of a married woman that we do not set it out or intend to give it further notice here.

In the Rogers case, supra, this court examined present Sections 704 and 2998. It pointed out that Section 704 is an amendment to a statute which required a married woman except in certain specified actions to be joined with her husband. Section 704 being in derogation of the common law, it cannot be held to grant any greater power than its terms express, namely that a married woman, without joining her husband, may maintain any action that she could have maintained if unmarried, or that she may, independent of her husband, bring any action which, under a state of facts authorizing her to sue he could have brought. The court in its opinion in the Rogers case also observed that present Section 2998 definitely declares the purposes for and the extent to which a married woman shall be

deemed a *femme sole*. Concerning the history and development of the law governing the relations of husband and wife, the court in the Rogers case observed that, while the husband's right to sue was a common-law right, it had never been held to include the right to sue his wife for a personal tort. The right of the husband to sue his wife for a personal tort being nonexistent at common law, the court argued that there are stronger reasons why, in the absence of an express statute, it should be held that a wife has no such right of action against her husband.

The rights of a wife, said this court in Rogers v. Rogers, 265 Mo. 200, 177 S. W. l. c. 384, "are purely statutory, and, comprehensive as is our Married Woman's Act in effecting her emancipation from matrimonial bonds so far as her property rights and the right to contract with others and her husband is concerned, and to sue and be sued by him at law" (citing Rice, Stix & Co. v. Sally, 176 Mo. l. c. 128, 75 S. W. 398, involving the right of a wife to interplead in an attachment suit against her husband) "and to sue alone in tort for injuries sustained by her through the negligence of others . . . there is no authority express or implied in the act given her to sue him for a personal tort."

Appellant urges that decisions of this court preceding the decision in the Rogers case held that the sections of the Married Woman's Act gave to the wife the right either in law or in equity to sue any one or to be sued by any one including her husband. The language of decisions should not receive wider application than the issues involved. The cases cited are Rice, Stix & Co. v. Sally, 176 Mo. 107, 75 S. W. 398; Clow v. Chapman, 125 Mo. 101, 28 S. W. 328. In the first case which has been cited in our quotation from the Rogers case, the question was the right of a wife to interplead for certain property seized in an attachment suit against her husband. In the second case, a wife sued another woman for damages for alienating the affections of the plaintiff's husband. Neither case touches the question raised in the Rogers case and here.

The Rogers case was decided in Division Two of this court. Division One, in 1917, ruled Planck v. Planck, 199 S. W. 1183, upon the authority of the Rogers case. The facts and rulings were identical in both cases. Appellant insists it is inconceivable that the General Assembly intended by the Married Woman's Act "to remove the disability of wife and husband to sue each other in everything else and retain the disability of husband and wife to sue each other in tort." Without conceding that such is the scope of the act, we observe that this court decided the case of Rogers v. Rogers, supra, in 1915, and that successive General Assemblies sitting since that time have not seen fit to enact legislation to undo the effect of the decision in that case.

It is true that, in some jurisdictions, the question presented has

900

been otherwise ruled. But in the majority of states in which the courts have passed upon this issue of law, the decisions have been in accord with our ruling in the Rogers case. For the reasons stated the judgment is affirmed. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by FITZSIMMONS, C., is adopted as the opinion of the court. All the judges concur.