ESSIE L. ROSENBLUM, RESPONDENT, v. IRA ROSENBLUM, AS MONARK POULTRY AND EGG CO., APPELLANT.—96 S. W. (2d) 1082.

Kansas City Court of Appeals.    May 25, 1936.

*I. J. Ringolsky, Harry L. Jacobs, William G. Boatright* and *Ringolsky, Boatright & Jacobs* for respondent.

*Harry L. Thomas* and *Inghram D. Hook* for appellant.

SHAIN, P. J.—This is a suit for damages for injuries alleged to have been received in an automobile accident on Highway No. 40 east of Boonville, Missouri. The plaintiff is the wife of Harry Rosenblum, who is a brother and employee of the defendant. The defendant is engaged in business in Kansas City, Missouri, and in the conduct of his business operates trucks and automobiles. Harry Rosenblum is alleged, at all times mentioned herein, to be the servant and regular employee of the defendant.

It appears that on or about March 29, 1934, the defendant directed said Harry Rosenblum to take and transport certain parts for the repair of one of defendant's trucks that had broken down near Kingdom City, Missouri. It appears that said truck was transporting perishable merchandise and a speedy delivery of the repairs was

desirable. It appears that with the knowledge and consent of the defendant, the plaintiff accompanied her husband in the automobile driven by him in transporting the parts to the broken down truck. On this trip the accident occurred which caused the injuries complained of. The plaintiff, alleging as invitee and guest, pleaded negligence as follows:

"Plaintiff states that on the night of March 29, 1934, while plaintiff was seated in the front seat of said Chevrolet automobile, and while same was being operated and driven by Harry Rosenblum, defendant's agent, servant and employee, in and about the aforementioned business of defendant, and while said automobile was being driven in as easterly direction on United States Highway No. 40 a few miles easterly of Boonville, Missouri, the said automobile was carelessly, wantonly, recklessly, and negligently caused, allowed and permitted by defendant's said agent, servant and employee, to come violently into contact and collision with an automobile being driven from the opposite direction by a party or parties whose names are unknown to plaintiff; that said contact and collision were directly and proximately caused by the negligence of defendant and his agent, servant and employee, Harry Rosenblum, in the following respects, to-wit:"

Said negligence is plead in other paragraphs more in detail but we consider the aforesaid sufficient for the purposes of this case. The plaintiff's injuries are duly alleged as the direct result of said negligence. There is no controversy as to the nature and extent of the injuries and we do not encumber our opinion with a statement of same.

The defendant joined issue by general denial and further denies liability based upon the ground that as the party charged with the acts of negligence was then and is now the husband of plaintiff that therefore plaintiff is not entitled to recover from defendant.

Defendant further alleges that at the time of the accident the plaintiff and her said husband were in joint control of the automobile and that her injury, if any, was due to her own negligence in that she failed to warn or caution her said husband concerning the matters alleged as negligent. Further, that plaintiff's own negligence in respect to aforesaid directly contributed to the accident and injury, if any.

Plaintiff's reply admits that she is the wife of Harry Rosenblum but makes general denial to all other allegations of defendant's answer.

Trial was by jury resulting in a verdict for the plaintiff in the sum of $5000. Judgment was entered in accordance with the verdict and defendant has appealed. To conform to the position in the lower court, we continue to refer to respondent as plaintiff and to appellant as defendant.

The principal contention in this case is based upon the relationship of plaintiff with the servant, who was driving the car at the time of the accident.

The defendant urges that a demurrer should have been given at the close of the evidence on two grounds. First, based upon the relationship of husband and wife and second, on alleged ground that the husband and wife were on a joint enterprise wherein the relation of fellow servant existed.

As to the first ground, the defendant makes claim as follows:

"Under the law of Missouri plaintiff has no cause of action in tort against her husband, and therefore is not entitled to maintain an action against the defendant as his master for such alleged tort committed solely by her husband, as no legal liability to her was created thereby, for which the master can be held liable as such under the law of Missouri."

1. In Missouri the law to the effect that action of tort by wife against her husband cannot be maintained has never been changed. Probably the last declaration of our Supreme Court to that effect is found in Willott v. Willott, 333 Mo. 896, 62 S. W. (2d) 1084.

In Missouri it has been held that joint tort-feasors with a husband can be held for damages even though the husband could not be held for same. [Rogers v. Rogers, 265 Mo. 200, 177 S. W. 382.]

The liability, if liability there be in the case at bar, must rest upon the doctrine of *respondeat superior*. Coming under this relationship are two general classes of cases under the relation expressed as, "Third Person v. Principal."

For the misfeasance of a servant while in line of duty both the servant and master are liable and, as to the issue in such cases, the courts of Missouri hold that the master can be held liable only in the event that the servant be also liable. [Stephens v. D. M. Oberman Mfg. Co., 334 Mo. 1078, 70 S. W. (2d) 899.]

In the event that the act of the servant be one of nonfeasance a different rule applies and the master may be liable although the servant is not liable. [McGinnis v. C., R. I. & P. Ry. Co., 200 Mo. 347.]

In either of the above class of cases proof of the negligence of the servant is a prerequisite to the master's liability.

. The only deduction from the above, that may bear upon the issue here presented, is the fact that the master's liability does not always depend upon the servant being liable, even so however, such does not solve the issue herein and we have cited and commented upon the above line of cases for the reason that the opposing parties herein are presenting some *pro* and *con* as determining factors of the question herein presented.

There is not cited in the briefs herein and we do not find any reported case in Missouri that directly holds that a wife can sue

the master for the negligence of her husband. As to the question, the courts of different states express divergent conclusions.

Many of the decisions of our sister states base the conclusion reached on premises drawn from "Married Woman" acts. We conclude that therein the correct solution does not rest.

The principle of *respondeat superior* grows entirely out of the relationship of master and servant. The master's relation to third parties in such cases is based entirely upon his relationship to the servant and not upon any relationship of the servant to the third party. In our consideration of the question in hand, we have resorted to Restatement of the Law of Agency by the American Law Institute and find in section 217 of chapter 7, pages 479 and 480, the following:

"A master or other principal is not liable for acts of a servant or other agent which the agent is privileged to do although the principal himself would not be so privileged; but he may be liable for an act as to which the agent has a personal immunity from suit."

In commenting on above, it is said:

"If a principal has a personal privilege which cannot be shared by another, he cannot of course confer his privilege upon an agent so as to escape liability for the agent's act. Thus, if a master has a privilege of personally entering a clubhouse he may become liable for the entry therein by his servant upon his business. Likewise, if an agent has an immunity from liability as distinguished from a privilege of acting, the principal does not share the immunity. Thus, if a servant, while acting within the scope of employment, negligently injures his wife, the master is subject to liability."

We conclude that the doctrine as above declared rests upon correct principles and should be adopted by the courts of this State.

Defendant in his brief urges, as to assignment one, the issue of the wife being a fellow servant is in the case at bar. No such issue is supported by the evidence. There was an answer to question made by plaintiff's husband introduced in evidence that probably gives rise to defendant's contention. Such, we conclude, does not present an issue as to fellow servant. Defendant's answer does, however, allege a joint enterprise.

An examination of the record justifies the conclusion that the theory of defense rested upon the contentions of relationship of husband and wife and contributory negligence of the plaintiff as a guest. As we are reviewing and not trying the case, we must give consideration from the standpoint of theory as presented in the trial of the cause.

We find no error in the court's refusal to give a directed verdict for the defendant.

Defendant in point two urges that instruction B, given on behalf

of plaintiff, is in error in that same does not cover contributory negligence and further urges absence of issue as to fellow servant.

As to fellow servant, we have determined against defendant in our conclusions stated in consideration of assignment number one above.

As to the question of omission of the affirmative defense of contributory negligence in instructions for plaintiff, that cover the whole case, there has been a wide departure from the position taken in Sullivan v. Hannibal & St. Joseph Ry. Co., 88 Mo. 1. c. 182.

In Heigold v. United Railways Company, 308 Mo. 1. c. 157 of the opinion, the court quotes from Colburn v. Krenning, 220 S. W. 1. c. 940, as follows:

"The principle of law relating to above subject, has been thoroughly considered in personal injury cases, where contributory negligence is asserted as an affirmative defense. We have uniformly held in a personal injury case, if plaintiff's instruction is good, aside from the question of contributory negligence, and defendant is given an instruction properly declaring the law with respect to contributory negligence, the two instructions thus given will be sufficient."

The defendant having requested a demurrer at the close of all of the evidence is entitled to have the issue of contributory negligence submitted as a matter of right.

The defendant seems to urge that as he did not ask and receive an instruction on contributory negligence that therefore plaintiff's Instruction B is in error in not having contributory negligence included. If such indeed is urged, we held that if the instructions when taken as a whole, regardless of by whom asked, rightly present the defense of plaintiff's contributory negligence, then prejudicial error is not presented.

The defense of contributory negligence is presented in instructions D and H offered by plaintiff and given by the court.

Defendant contends that Instruction D is not proper in that there is a failure to properly tell the jury what contributory negligence of a guest consisted of "(i. e. failure to observe dangers and to warn and protest) and is therefore erroneous, because not defining a phase of technical significance as to an occupant of a private automobile."

The plaintiff's instructions D and H predicates the plaintiff's duty as ordinary care as defined in other instructions. As to ordinary care, the court instructs as follows:

"Wherever the term 'ordinary care' is used in these instructions with reference to the plaintiff, it means such care as an ordinarily careful and prudent person would ordinarily exercise under the same or similar circumstances, and a failure to exercise such care is negligence."

The definition given is very broad in its scope. We conclude that

the trial court should not be convicted of error because the court failed to place a limitation of particular phases of circumstances to be considered.

Under point four defendant claims error in plaintiff's Instruction E. The instruction defines the highest degree of care in its first paragraph and ordinary care in the second. We have set out the second paragraph above. The first paragraph reads as follows:

"The term 'highest degree of care,' wherever used in these instructions, means the utmost care and diligence to be used by a person operating an automobile under all the facts and circumstances you find shown by the evidence; and a failure to exercise such care is negligence."

The same objection is made as to the above as was made to the definition of ordinary care, i. e., that the instruction did not inform the jury of the technical meaning as to elements of failure to observe, warn and protest. If highest degree of care be conceded as required of plaintiff, we conclude that the instruction does not present error for the reason that the instruction correctly defines the term.

Under point five, complaint of error in Instruction F is made. The instruction was given on behalf of plaintiff and presents a theory of "Joint Enterprise." This we will discuss later.

Under point six Instruction H is criticized. The instruction is as follows:

"You are instructed that if you find and believe from the evidence that plaintiff failed to exercise ordinary care as otherwise defined in these instructions and that such failure, if any, on her part to exercise ordinary care contributed directly to the accident, then your verdict will be for the defendant."

The same objection as to observe, warn and protest, urged as to Instructions D and E, *supra*, are again presented and we need not further discuss that phase.

We now come to a consideration of a question that is practically presented in every assignment of error made in defendant's brief. We have refrained from a discussion of same in consideration of the separate assignments for the reason of avoidance of repetition. The question referred to is that of "Joint Enterprise."

If the relation of joint enterprise could be said to exist, we are confronted with the fact that while as to third persons the act of one is the act of the other, still as between the parties themselves if one is injured by the negligence of the other, the one injured has recourse upon the other. If parties on joint enterprise injure a third person, then the negligent act of the one guilty of negligence applies to both alike and if such parties are injured by the act of a third person, then the contributory negligence of one is chargeable to the other. However, as between the parties themselves no such

condition exists. Concluding as we have that the relations of wife to the servant does not preclude the wife from suing the master, it follows that even if joint enterprise could be conceded it would not affect the merits of the case. However, from an examination of the evidence in the case at bar, we conclude that there is no evidence from which it can be concluded that the plaintiff was engaged in a joint enterprise with her husband. The husband's business was the business of his master, the defendant. Plaintiff's counsel admitted in the closing argument that there was no evidence that plaintiff was going on any business for the defendant and further stated that, "She was just going down there to keep Harry company, and Harry wanted her for company."

It appears that the plaintiff in Instruction F interposes elements that should only be brought into a cause wherein an issue of joint enterprise is involved. This instruction has no place whatever in the case at bar. Its interjection but added to plaintiff's burden and we conclude was not prejudicial to the defendant. We, therefore, conclude that defendant's presentation of errors, based upon theory of joint enterprise, as to any specific assignment of error, is not well founded.

Finding no reversible error, the judgment is affirmed. All concur.