GERTRUDE G. JOHNSON *vs.* ALEXANDER JOHNSON.

Essex.    April 5, 1939. — May 23, 1939.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Practice, Civil,* Exceptions: contents of bill; Auditor: report; Requests, rulings and instructions. *Pleading, Civil,* Character of pleading.

The transmittal to this court by the clerk in purported performance of his duties under G. L. (Ter. Ed.) c. 231, § 135, of a copy of a report of an auditor who heard an action, where there was nothing to show that the report was introduced in evidence and it was not incorporated in a bill of exceptions reciting that it contained "all of the evidence material to the questions presented thereby," did not constitute the report a part of the record before this court.

A document entitled a "motion to dismiss," presented during the trial on the merits of an action of tort based on alleged negligence of the defendant, was treated by this court, in accordance with what appeared to be its true nature, as either a request for a ruling that as

a matter of law the plaintiff could not recover or as a request for a finding for the defendant as a matter of fact, and, the record disclosing no evidence which would warrant a finding of negligence of the defendant, no error appeared in its allowance.

TORT. Writ in the District Court of Eastern Essex dated October 18, 1934.

On removal to the Superior Court, the action was heard by *Burns*, J., and in this court was submitted on briefs.

*W. U. Friend*, for the plaintiff.

*J. F. A. Daly & J. Z. Doherty*, for the defendant.

FIELD, C.J. This is an action of tort to recover compensation for personal injuries sustained by the plaintiff when the automobile in which she was riding collided with a tree. The declaration is in two counts — one, alleging negligence, the other, gross negligence, of the defendant in operating the automobile. The accident occurred in the State of Maine. The case was heard by a judge of the Superior Court sitting without a jury. At the hearing it was agreed that the plaintiff, at that time and at the time of the accident, was the wife of the defendant. The plaintiff offered in evidence a motor vehicle liability insurance policy issued to the defendant covering accidents occurring outside of Massachusetts. The policy was excluded and the plaintiff excepted. The defendant moved that the action be dismissed. The motion was allowed and the plaintiff excepted. The bill of exceptions states that the "pleadings may be referred to and are made a part of this bill of exceptions," and that it "contains all of the evidence material to the questions presented thereby."

The plaintiff contends that, though she is the wife of the defendant, she can maintain this action against him by reason of the existence of the liability insurance. But it is unnecessary in this case to decide whether, according to the law either of this Commonwealth or of Maine, the existence of such insurance enables a wife to maintain an action against her husband for negligent operation of an automobile. Compare *Lubowitz* v. *Taines*, 293 Mass. 39; *Luster* v. *Luster*, 299 Mass. 480, 484; *Sacknoff* v. *Sacknoff*, 131 Maine, 280.

The bill of exceptions does not set forth any evidence of negligence of the defendant that would support an action against him even if he was not the husband of the plaintiff. A copy of an auditor's report has been transmitted to this court by the clerk of the Superior Court. See G. L. (Ter. Ed.) c. 231, § 135. This report, however, is not incorporated in the bill of exceptions or even referred to therein. It is not one of the "pleadings" so incorporated. And there is nothing before us to show that it was introduced in evidence at the hearing in the Superior Court. Yet even if it is treated as having been so introduced it would not support a finding of negligence on the part of the defendant. It does not appear, therefore, that the plaintiff was prejudiced by the exclusion of the motor vehicle liability insurance policy.

It is clear from the bill of exceptions that the so called "motion to dismiss" was not strictly such a motion. Obviously it was not based solely on matter apparent on the record (see *Paraboschi* v. *Shaw*, 258 Mass. 531, 532), but was based also on matter appearing at the hearing, including the agreed fact that the plaintiff was the wife of the defendant. This motion must be dealt with in accordance with its true nature rather than the description attached to it. *E. S. Parks Shellac Co.* v. *Jones*, 265 Mass. 108, 110. *Gallo* v. *Foley*, 299 Mass. 1, 5. It was in substance either a request for a ruling that as matter of law on the case as presented the plaintiff could not prevail, or a request for a finding for the defendant as matter of fact. And the allowance of the motion was in substance an order for judgment for the defendant based on such a ruling or finding. See *Gallo* v. *Foley*, 299 Mass. 1, 5. Whichever interpretation is given to the motion, the bill of exceptions fails to show that the allowance thereof was erroneous.

*Exceptions overruled.*