LUMBERMENS MUTUAL CASUALTY COMPANY *v.* LOUIS J. BLAKE & a.

*Murchie & Murchie* (*Mr. Alexander Murchie* orally), for the plaintiff.

*Sulloway, Piper, Jones, Hollis & Godfrey (Mr. Alvah W. Sulloway* orally), for the defendants.

MARBLE, C. J. In answer to certain of the plaintiff's contentions relating to the validity of the endorsement, attention is called to the fact that the Trial Court ruled, at the defendants' request and without exception, that the policy and endorsement were in full force and effect on July 14, 1938, and that the endorsement "added Mr. Blake as a named assured under the policy."

The endorsement recites that "when signed by an authorized representative of the company and attached" to the policy "issued to Standard Oil Company of New Jersey et al," it "shall be valid and shall form a part of said policy." The requirement relating to physical attachment of the endorsement to the policy is unimportant. *Maryland Casualty Co.* v. *Beebe*, 54 Fed. (2d) 743, 745.

"An insurance contract is deemed to have been completed by an application made through the insured's broker and issuance by the insurer of a policy purporting to be in accordance with the terms of the application." And "if it is required that a policy be countersigned before going into effect, the place of countersignature is generally considered the place of the last effective act, and determines the controlling law." 12 Appleman, Insurance, *ss*. 7124, 7088. See *Orient Ins. Co.* v. *Rudolph*, 69 N. J. Eq. 570, 574, 575.

The principal argument of plaintiff's counsel is devoted to the proposition that inasmuch as both the policy and the endorsement were countersigned and delivered in New York, the provisions of the New York statute are applicable, and since the endorsement does not expressly provide coverage in the event of a suit against the defendant by his wife, the plaintiff is entitled to prevail in this proceeding.

This argument ignores certain important facts. The Presiding Justice has found that the defendant applied for insurance which would cover him on his vacation trip and that the parties "contemplated that the principal place of performance of their contract would be New Hampshire." The endorsement issued in compliance with this request purports to have been countersigned in New Jersey and to cover "Louis J. Blake . . . for damages resulting from any accident occurring while Louis J. Blake, Lake Sunapee, New Hampshire, is driving . . . any private passenger vehicle with the permission of any person having the right to grant such permission."

Neither the endorsement nor the policy contains any reference whatever to the New York statute, and any reasonable person in the

position of the plaintiff would naturally expect the defendant to take the words of the endorsement at their full face value and to understand that complete protection was afforded him in case any action for damages caused in this state by his negligent operation of the borrowed automobile was brought against him here.

It follows that the plaintiff, having issued an endorsement which, by its terms and designated place of documentary execution, gave the defendant ostensibly the protection he requested, cannot now be heard to say that the defendant is deprived of a measure of that protection because the endorsement was in fact issued and delivered in New York.

Furthermore, it is stipulated in the policy, with respect to the extent of coverage, that the insurance provided thereby "shall conform to the provisions of the motor vehicle financial responsibility law of any state or province which shall be applicable." While the meaning of this clause is not free from doubt, its purpose would seem to be that of furnishing a policy which, in case of accident, would be accepted as proof of the insured's financial responsibility under the financial responsibility act of the state or province where the accident occurred. The policy which an insured is required to file in this state as proof of his financial responsibility is one which provides indemnity to him for loss by reason of his liability to pay damages for bodily injuries sustained by any person.

It is true that under the law of New Jersey a wife cannot maintain an action against her husband for his tort. *Hudson* v. *Association*, 123 N. J. Law 252, 253. But such an action can be maintained in this jurisdiction (*Gilman* v. *Gilman*, 78 N. H. 4; *Maryland Casualty Co.* v. *Lamarre*, 83 N. H. 206), and it is the general rule that although by the law of their domicile spouses "may not sue each other for a personal tort, that law is no defense in an action by one of them against the other in another jurisdiction where the tort occurred and by the law of which they are allowed to sue each other." Anno. 146 A. L. R. 705, 707. See also *Gray* v. *Gray*, 87 N. H. 82; *Bradford* v. *Insurance Co.*, 39 N. Y. Supp. (2d) 810, 812.

The result here reached makes it unnecessary to consider the contention that the New York statute was designed to forestall the bringing of fraudulent actions in New York and was not intended to have extraterritorial effect.

*Judgment for the defendants.*

All concurred.