Hillsborough,
June 3, 1947. } No. 3657.

BEATRICE BOISVERT *v.* ETIENNE BOISVERT, *Adm'r & a.*

**358**

*Chretien & Craig (Mr. James A. Manning orally), for the plaintiff.*

*Laflamme & Nourie (Mr. Nourie orally), for the defendant.*

DUNCAN, J. Although the policy of insurance issued by the defendant company was issued in Connecticut, the accident occurred in Massachusetts, and the plaintiff's rights against her late husband and his estate, are governed by the law of the latter jurisdiction. *Miltimore* v. *Company*, 89 N. H. 272; *Gray* v. *Gray*, 87 N. H. 82. The law of Massachusetts is well settled, as the plaintiff concedes, that a wife cannot maintain an action of tort against her husband. *Lubowitz* v. *Taines*, 293 Mass. 39. The same incapacity precludes recovery against the husband's estate. *Gahm* v. *Gahm*, 243 Mass. 374. Because a married woman cannot maintain such an action in Massachusetts, she cannot maintain one here. *Miltimore* v. *Company, supra.* This is recognized by the plaintiff in her bill; but she asserts that she has an equitable right against the company by virtue of the Massachusetts statute, which provides: "The liability of any company under a motor vehicle liability policy . . . or under any other policy insuring against liability for loss or damage on account of bodily injury . . . shall become absolute whenever the loss or damage for which the insured is responsible occurs, and the satisfaction by the insured of a final judgment for such loss or damage shall not be a condition precedent to the right or duty of the company to make payment on account of said loss or damage." G. L., Mass. (Ter. *ed.*) *c.* 175, *s.* 112. The General Statutes of Connecticut contain provisions which closely parallel those of the Massachusetts statute relied upon by the plaintiff. Section 4231, G. S. of Conn. (Rev. of 1930).

The policy of insurance involved in this case was issued in Connecticut and the liabilities arising out of the contract are governed by the law of that jurisdiction. *Maryland Casualty Co.* v. *Martin*, 88 N. H. 346, 348. See, *Levy* v. *Company*, 108 Conn. 333; *Searls* v.

*Company*, 316 Mass. 606. To the extent that the Massachusetts statute may be said to form a part of the contract of insurance or operate upon the plaintiff's cause of action it will be enforced here. See, *Crippen* v. *Laighton*, 69 N. H. 540, 549, 550; *Lord* v. *Roberts*, 84 N. H. 517, 519; *Robinson* v. *Dixon*, 91 N. H. 29, 30. It is not opposed to our public policy. See R. L., c. 122, s. 16; *Phoenix Ind. Co.* v. *Conwell*, 94 N. H. 146. And under our practice, equity is the appropriate forum for determination of the plaintiff's rights under the contract. *Bosse* v. *Company*, 88 N. H. 98; *Capelle* v. *Company*, 80 N. H. 481.

The Massachusetts statute, insofar as it can affect substantive rights under the policy of insurance issued in Connecticut, must depend for its force upon the agreement of the parties. See, *Levy* v. *Company, supra; American Fidelity & Cas. Co.* v. *Company*, 91 N. H. 466; 44 C. J. S. *p.* 500, *s.* 50; *p.* 516, *s.* 54; Anno., 137 A. L. R. 656. The plaintiff asserts that it is applicable by reason of the condition of the policy which provides that the insurance afforded "shall comply with the provisions of the motor vehicle financial responsibility law of any state or province which shall be applicable." Disregarding the fact that the statute is not an integral part of the Massachusetts Compulsory Insurance Act, and that that act requires only that policies "issued . . . in the commonwealth" shall be subject to G. L., Mass., c. 175, ss. 112 and 113 (G. L., Mass., c. 175, s. 113A), and overlooking doubts which arise as to whether the policy provisions were intended to subject the company to the requirements of these particular sections (cf. *Lumbermen's Casualty Co.* v. *Blake*, 94 N. H. 141, 145; *Sheldon* v. *Bennett*, 282 Mass. 240), it appears that neither the statute nor its interpretation by the Massachusetts courts sustains the plaintiff's claim to a right to recover of the company in the absence of any judgment in her favor against the insured. Some indication of the nature of the right conferred by section 112 is contained in the provisions of section 113, defining the remedy. Under this section "upon the recovery of a final judgment . . . for any loss or damage specified" in section 112, a "judgment creditor shall be entitled to have the insurance money applied to the satisfaction of the judgment" by suit in equity.

The statute was first construed in *Lorando* v. *Gethro*, 228 Mass. 181, 187, where the court said: "The instant statute has for its chief object simply a regulation as to the form of a policy of insurance. It prohibits in substance, the insertion in any contract . . . of a condition that the insured must actually pay the loss before liability at-

taches to the insurer. With that single exception and its accompanying incidents . . . the scope and validity of such contracts are left as before, unaffected by this statute.

"A further important feature of the statute is to give to the person injured . . . a certain beneficial interest in the proceeds of that policy. It does not enlarge or modify in any respect the substantial liability created by the contract of insurance." The provision that the liability of the insurer "shall become absolute" was held to mean merely that the amount of liability shall not be open to dispute after judgment against the insured.

Again, in *Mathewson* v. *Colpitts*, 284 Mass. 581, in considering the rights of an injured person to establish a claim against an insurance company in receivership proceedings, by hearing before a master, a method held to be the equivalent of an action of tort, the court said: "Thus the plaintiff could not establish any right to share in the assets of the insurance company until she had recovered the equivalent of a judgment against the defendant. Until such recovery, her claim against the insurance company was inchoate, or potential only. The statute gives her something in the nature of a lien . . . as security for collection of that judgment. It does not give her an independent cause of action against the insurance company. Her primary right of action was against the defendant." *Id.*, 585.

In *Bruyette* v. *Sandini*, 291 Mass. 373, it was held that the compulsory motor vehicle insurance law gave to a claimant no greater rights to the benefits of a policy of motor vehicle insurance than existed prior to its enactment, and that under the statute the plaintiff before judgment had no such right in the proceeds of the insurance as would entitle him to an injunction against exhaustion of the fund by settlement of other claims arising out of the same accident.

It is thus apparent that the Massachusetts statute, if applicable, confers upon the plaintiff in this case no greater rights than she would have without it, except as it provides a remedy by suit in her own name after judgment against the insured.

The claim advanced of a right to recover in equity against the insurance company in spite of the impossibility of judgment against the insured, finds no support in the Massachusetts decisions involving husband and wife. In *Johnson* v. *Johnson*, 303 Mass. 204, the question of what effect, if any, the existence of liability insurance might have upon the right of a married woman to maintain suit for negligence against her husband was left undetermined. Since the evidence of the defendant's negligence was insufficient to warrant a verdict

for the plaintiff the court found it "unnecessary . . . to decide whether according to the law either of this Commonwealth or of Maine, the existence of such insurance enables the wife to maintain an action against her husband for negligent operation." *Id.*, 205.

In *Lubowitz* v. *Taines, supra*, 40, denying recovery to a married woman against her husband, the matter of insurance did not directly appear but some significance may perhaps be attached to the fact that the court quoted from *Gottliffe* v. *Edelston* (1930) 2 K. B. 378, where after pointing out that the parties were living happily together and the pendency of the wife's action in tort against her husband was to be explained by the existence of insurance, the court held in spite of these considerations that the action could not be maintained.

The plaintiff calls our attention to a statement in Blakemore, Massachusetts Motor Vehicle Law, (1940), *s.* 131; (1946) *s.* 295 as follows: "The Court has not apparently yet settled the question whether the existence of liability insurance enables the wife to sue the husband for negligent operation, but a very strong argument might well be made for liability of the insurance company if its policy covers the case." In neither edition does the gist of the argument to which the author refers appear, except as it may be inferred from the citation of McCurdy: Torts Between Persons in Domestic Relations, 43 Harv. L. R. 1030. *Cf., Dunlap* v. *Dunlap*, 84 N. H. 352.

Our examination of the Massachusetts decisions leads us to conclude that we would be unduly presumptuous were we to assume that the courts of that jurisdiction would permit recovery against either the company or the estate under the circumstances of this case. See, *Coster* v. *Coster*, 289 N. Y. 438. We recognize that it is well settled in Massachusetts that "there is jurisdiction in equity over suits between husband and wife to secure her separate property, to prevent fraud, to relieve from coercion, to enforce trusts and establish other conflicting rights concerning property." *Gahm* v. *Gahm, supra*, 376. In the recent case of *Charney* v. *Charney*, 316 Mass. 580, 582, it was said that "suits in equity between husband and wife have long been undertaken in this Commonwealth where there exists some recognized ground of general equity jurisdiction or some controversy over property rights. . . . " But the court there also said (*supra*, 583): that "the mere fact that there exists in favor of the wife against her husband a valid obligation which she cannot enforce in this Commonwealth in an action at law, gives her no right to sue him in equity." See also, *Giles* v. *Giles*, 279 Mass. 284; *Weidman* v. *Weidman*, 274 Mass. 118. We find no apparent basis for holding that any claim of

this plaintiff against her husband's estate falls within any of the classifications enumerated by the decisions.

Since the decedent's tort gave rise to no rights in the plaintiff which would entitle her to a judgment or a decree in equity against his estate, the result is that any "inchoate or potential" right against the company which she may have acquired under the Massachusetts statute cannot be perfected by "the equivalent of a judgment" against the assured. *Mathewson* v. *Colpitts, supra.* Thus the law of Massachusetts affords no basis for the recovery against the company sought by this bill.

We conclude that whether the plaintiff's claim of an equitable right against the defendant company is rested upon the provisions of the policy or upon the Massachusetts statute, it is contingent upon the entry of judgment in her favor against the assured; and that since under the law of the place where the accident occurred she can maintain no action against the assured, her action against the company necessarily fails. The conclusion is not without support in authorities of other jurisdictions, dealing with comparable claims. *Fehr* v. *Gen. Acc. Assur. Corp.,* 246 Wis. 228; *Burke* v. *Mass. Bonding & Ins. Co.,* 209 La. 495; *Coster* v. *Coster,* 289 N. Y. 438.

*Exception overruled.*

BRANCH, C. J., and BLANDIN, J., did not sit: the others concurred.