### JONES v. KINNEY et al. (JONES, third-party defendant).

No. 7144.

United States District Court
W. D. Missouri, W. D.

July 23, 1953.

924

John L. Sheridan, Pew, Taylor, Welch & Sheridan, Kansas City, Mo., for plaintiff.

Rogers, Field & Gentry, Kansas City, Mo., for defendant Kinney.

Tucker, Murphy, Wilson & Siddens, Kansas City, Mo., for defendant Avco.

Langworthy, Matz & Linde, Kansas City, Mo., for third-party defendant.

RIDGE, District Judge.

This is a negligence action wherein plaintiff seeks recovery for damages allegedly sustained as the result of a collision between an automobile driven by her husband, the third-party defendant herein, and one operated by defendant John F. Kinney. Plaintiff, a resident of the State of Michigan, as is her husband, was riding in her husband's vehicle at the time of the collision in question. She joins her husband's employer, the Avco Manufacturing Corporation, as a party defendant, on the ground of *respondeat superior*. Avco, a Delaware corporation, by way of a third-party complaint, has brought in plaintiff's husband to indemnify it for whatever damages might be assessed against it.

At this time, Avco, the third-party plaintiff, and plaintiff's husband, the third-party defendant, separately move for summary judgment as a matter of law.

■ The accident in question occurred in Kansas. The rights and liabilities of all parties upon the primary claim is, therefore, governed by the laws of that State. The third-party defendant contends that were he held accountable to Avco violence would be done, by indirection, to the principle of law existent in Kansas, that recovery in tort by one spouse against another will not be permitted. By the same token, the third-party plaintiff argues that its instant liability, if any, must be derived from the actionable wrongs of its agent, and since said agent is plaintiff's husband, and thus unaccountable to plaintiff directly, it, too, is cloaked with impunity under the law of the State of Kansas. However, if this Court should hold that Avco is a proper party defendant, then Avco insists that plaintiff's spouse is liable over to it, on the ground that an agent owes an independent duty to his employer to avoid injuring others in the course of his employment.

■ There can be no question but that the law of Kansas is that one spouse cannot sue the other in tort. Sink v. Sink, 1952, 172 Kan. 217, 239 P.2d 933. The reason given by the Kansas courts for this rule is that to permit otherwise would tend to disrupt the marital relationship. In the instant case, however, we are not faced directly with this question. We are not here called upon to ascertain the legal accountability of the husband to his wife, but rather, we are to determine the liability of an employer for an employee's tort on the latter's wife. If, as a matter of law, and in the absence of genuine issues of fact, there can be no liability, then summary judgment should be entered in favor of both the third-party plaintiff and the third-party defendant, plaintiff's husband.

The conflict of decisions on this subject, and the issues involved, are succinctly and lucidly set out in 27 Am.Jur., Husband and Wife, Sec. 598. We believe it would be worthwhile to quote at length:

"In jurisdictions where the rule prevails that the spouses are not liable for torts on each other, there is a difference of opinion on the question of the liability of a principal or master for a tort of his agent, employee, or servant, which injures the latter's spouse. According to one line of authorities, under the rule which denies liability between husband and wife for the torts of the other, an employer is not liable to the spouse of his employee for injuries sustained by such spouse as a result of a tortious act of the employee, even though committed by the employee while acting in the course of his agency or employment; at least this is the rule where the employer's

liability, if any there be, is regarded as derivative and secondary and where he would have a recovery over against the agent or servant. On the other hand, such liability of the principal or master has been affirmed, at least where the liability is regarded as distinct and independent and the maxim that 'he who acts through another acts himself' is strictly invoked, although the principal has a remedy over against the agent, for such remedy of the principal against the agent is sustainable on the violation by the agent of the duty owing his principal not to commit torts on others in the course of his agency."

Since the accident giving rise to plaintiff's action occurred in Kansas, we would, as we have already noted, normally apply Kansas law in resolving the instant questions. We have, however, carefully examined the Kansas decisions and have regretfully found no helpful authority on the subject, not even dicta. Except for the possible, but speculative influence of the Sink case, supra, we are left completely adrift. We must, therefore, direct our attention to the decisions of this and other States that we might find a solution in conformity with the greatest and most considered weight of authority which we believe the courts of the State of Kansas would follow under like circumstances.

As defendant Avco points out, were its liability derivative or secondary, being dependent on the liability of its agent, then it would follow that Avco is an improper party defendant to this action. Since plaintiff's husband, under Kansas law, cannot be sued by her in tort, then, under the view urged by Avco, the husband's employer likewise could not be sued. But however logical this approach may appear at first glance, it nevertheless places reliance on a basic premise we must decline to accept. We are convinced that the better considered and prevailing view is that an employer's liability for the torts of his agent is not derivative or secondary as the third-party plaintiff contends. Rather, it is, in a legal sense, a primary liability. This is not a question in any way dependent on the husband-wife relationship, but is a matter solely within the governing rules of agency. We will not undertake to review every decision touching the subject. The commonly accepted rule is well stated in 35 Am.Jur., Master and Servant, Sec. 543:

"* * *. By legal intendment, the act of the employee becomes the act of the employer, the individuality of the employee being identified with that of the employer. The latter is deemed to be constructively present; the act of the employee is his act, and he becomes accountable as for his own proper act or omission. The law imputes to the master the act of the servant, and if the act is negligent or wrongful, proximately resulting in injury to a third person, the negligence or wrongful conduct is the negligence or wrongful conduct of the master for which he is liable, and this rule of liability is not qualified by any special immunity resulting from the domestic relation existing between the person injured and the servant who committed the negligent or wrongful act." (Italics ours.)

In Restatement of the Law of Agency, § 217, p. 480, the rule is stated thus: "If an agent has an immunity from liability as distinguished from a privilege of acting, the principal does not share the immunity. Thus, if a servant, while acting within the scope of employment, negligently injures his wife, the master is subject to liability." Missouri follows this view, and in so doing has held that an employer is accountable to the wife of an employee injured by the latter's negligence, even though under Missouri law, as under Kansas law, one spouse cannot sue the other in tort. Rosenblum v. Rosenblum, 1936, 231 Mo.App. 276, 96 S.W.2d·1082; Mullally v. Langenberg Bros. Grain Co., 1936, 339 Mo. 582, 98 S.W.2d 645; cf., Stith v. J. J. Newberry Co., 1935, 336 Mo. 467, 79 S.W.2d 447, 458. Other states have also imposed employer liability under the same circumstances. A leading case on the subject is Schubert v. August Shubert Wagon Co., 1928, 249 N.Y. 253, 164 N.E. 42, 64 A.L.R. 293, wherein the New York Court of Appeals, speaking through Judge Cardozo, held *inter alia*:

"An employer commits a trespass by the hand of his servant upon the person of another. The act, let it be assumed, is within the scope * * * of an express mandate or of an implied one. In either event, if the trespass is not justified, he is brought under a distinct and independent liability, a liability all his own. The statement sometimes made that it is derivative and secondary * * * means this, and nothing more: That at times the fault of the actor will fix the quality of the act. Illegality established, liability ensues. The defendant, to make out a defense, is thus driven to maintain that the act, however negligent, was none the less lawful because committed by a husband upon the person of his wife. This is to pervert the meaning and effect of the disability that has its origin in marital identity.

"A trespass, negligent or willful, upon the person of a wife, does not cease to be an unlawful act, though the law exempts the husband from liability for the damage. Others may not hide behind the skirts of his immunity."

Although the Schubert case speaks of the "marital identity" as underlying the agent-husband's personal immunity, the above authorities demonstrate that the public policy which precludes one spouse from suing the other in tort, *whatever its basis,* has no persuasive or qualifying effect on an employer's liability for the tortious acts of its agent, even though that agent incidentally happens to be the plaintiff's husband. The employer's liability is based on principles of agency, not on such unrelated considerations as the "marriage unity" or "marital tranquility." As stated in Rosenblum v. Rosenblum, supra, 96 S.W.2d loc. cit. 1084:

"The principle of respondeat superior grows entirely out of the relationship of master and servant. *The master's relation to third parties in such cases is based entirely upon his rela-* *tionship to the servant and not upon any relationship of the servant to the third party.*" (Italics ours.)

█ In view of the foregoing, and on the basis of what we consider the greater weight of authority, we believe that the Courts of the State of Kansas would adhere thereto, and that defendant Avco Manufacturing Corporation is a proper party to this action. Its motion for summary judgment thus is not well-taken.

We believe that the third-party defendant's motion for summary judgment is likewise without merit. Here again, the public policy of state marital law is neither a primary nor contributing consideration. The claim stated by the third-party plaintiff is one sounding in agency and indemnity, nothing more. This is not a situation where the third-party plaintiff is subrogated to the right of the injured party, nor is it a case of contribution between joint tort-feasors. The third-party defendant's liability is predicated upon the alleged breach of a duty, well recognized in agency law, which requires an agent to conduct himself in such a manner as to render his employer free from legal accountability. Cf. Restatement of Law, Agency, Chap. 13. It has in fact been held that one who is compelled to pay damages resulting from the negligence of his agent has a cause of action for "indemnity" against that agent. Elzea v. Hammack, Mo.App., 1951, 244 S. W.2d 594; State ex rel. Algiere v. Russell, 1949, 359 Mo. 800, 223 S.W.2d 481; also Fenly v. Revell, 1951, 170 Kan. 705; 228 P.2d 905. Consequently, whatever may be the third-party defendant's immunity from suit as between himself and his wife, we find no reason for denying application of the aforestated principles of agency and indemnity insofar as the third-party proceeding is concerned.

For all of the foregoing reasons, the third-party plaintiff's and third-party defendant's respective motions for summary judgment are overruled. It is so ordered.