Eunice M. ROBINSON, Appellant,

v.

Carl GAINES, Administrator and Personal Representative of the Estate of Clarence Otis Robinson, Deceased, Respondent.

No. 47361.

Supreme Court of Missouri,

Division No. 2.

Feb. 8, 1960.

Powell and Jones, Dexter, for appellant.

Blanton & Blanton, Sikeston, for respondent.

BOHLING, Commissioner.

Eunice M. Robinson instituted this action in the Circuit Court of Stoddard County, Missouri, against Carl Gaines, administrator of the estate of Clarence O. Robinson, deceased, for $25,000 damages for injuries received July 13, 1957, in an automobile accident in the State of New Mexico. Eunice M. is the widow of said Clarence O., who lost his life in the accident. Their domicile was Stoddard County, Missouri. They were riding with and as guests of Delbert L. Crane, their son-in-law, in his 1957 Buick sedan, which Mr. Robinson was driving at the time. Plaintiff's petition is in two counts. Count I is based on the New Mexico Guest Statute (§ 64–24–1, N.M.S.A. 1953—§ 68–1001, N.M.Comp.1941), alleging that plaintiff's injuries were caused by her husband's operating said automobile in reckless disregard of her rights and safety. Count II, evidently in the alternative, is based on ordinary negligence. The specific charges of negligence need not be detailed. The trial court sustained defendant's motion to dismiss plaintiff's petition, and plaintiff has appealed from the ensuing judgment.

This review involves the law of interspousal liability for a personal tort; and plaintiff states: "The only question really presented in this appeal is whether or not appellant, a resident of Missouri, can sue the administrator of her deceased husband's estate in Missouri for injuries she sustained as a result of his negligent acts in the State of New Mexico, while she was riding in an automobile being driven by him. This question has not been passed upon by the appellate court of New Mexico."

Romero v. Romero, 1954, 58 N.M. 201, 269 P.2d 748, was an action by a wife against her husband for injuries sustained in New Mexico during coverture when struck by an automobile through the negligence of her husband. The relevant New Mexico statutes read:

"A married woman shall sue and be sued as if she were unmarried." 1941 N.M. Comp., § 19–606; N.M.S.A.1953, § 21–6–6.

"In all the courts in this state the common law as recognized in the United States of America, shall be the rule of practice and decision." 1941 N.M.Comp., § 19–303; N. M.S.A.1953, § 21–3–3.

The court stated (269 P.2d loc. cit. 750 [2, 3]) that the purpose of § 19–606, supra, was "to give the wife a remedy to sue alone for actionable wrongs which formerly could not be independently redressed. It removed the common law procedural barrier that a wife must join with her husband in all actions for or against her, but we are of opinion, and so hold, that it did not create a substantive right of action against her husband for a tort committed against her." See the annotation on right of one spouse to maintain action against other for personal injury, 43 A.L.R.2d 632.

■ Plaintiff takes the position in her brief, since her injuries were sustained in New Mexico, "that whether or not a cause of action arose in favor of the appellant in New Mexico for injuries caused by the negligence of the husband of the appellant is to be determined by the law of New Mexico." We are in accord.

Plaintiff also states, since no case dealing with whether appellant could bring this action against the administrator of her husband's estate has been ruled in New Mexico, the law announced in Ennis v. Truhitte, Mo.Banc 1957, 306 S.W.2d 549, applies. We think this statement too broad. The Ennis case did not involve a cause of action arising in a sister state. It was an action by a widow against the administrator of her deceased husband's estate for personal injuries sustained July 15, 1955, while a passenger in an automobile driven by him in Vernon County, Missouri. He died December 3, 1955. We held that she, after his death, could maintain the action, stating (306 S.W.2d 551, 552): "The circumstances of this particular case do not infringe any reasons of policy, the married women's acts and the survival statutes do not preclude the action".

■ Generally the law of the forum governs matters pertaining to the remedy and the procedure; the law of the place of the tort determines whether there is a tort as a legal consequence of the alleged conduct; and a presumption is indulged that the common law prevails in the foreign jurisdiction if the foreign law is not properly pleaded and proved. Martinez v. Missouri Pac. R. Co., Mo., 327 S.W.2d 855, 858 [1, 3]; Burg v. Knox, 334 Mo. 329, 67 S. W.2d 96, 99; Rositzky v. Rositzky, 329 Mo. 662, 46 S.W.2d 591 [1–7, 17, 20], and cases infra. The only Missouri case cited by plaintiff to sustain her position is Hill v. Kansas City Rys. Co., 1921, 289 Mo. 193, 233 S.W. 205, 207 [1]. Plaintiff Hill was injured in Kansas, and founded his action on common law negligence. No law of Kansas, statutory or otherwise, was invoked, and the case was tried under our general law of negligence. The law with respect to pleading and proving the law of another state now differs. Redick v. M. B. Thomas Autos Sales, 1954, 364 Mo. 1174, 273 S.W.2d 228, 234. Each count of the instant plaintiff's petition stated that the accident occurred "in the State of New Mexico, upon the law of which state the plaintiff relies in this cause of action." We now take judicial notice of the public statutes and judicial decisions of a sister state when a pleading "relies upon the law of another state or contains allegations which show that the law of another state must be applied." Supreme Court Rule 3.14, 42 V.A.M.S.; Sections 509.220 (see Laws 1927, p. 156), 490.080 (see Laws 1949, p. 318, § 2); Bartling v. Firestone Tire & Rubber Co., Mo.App., 275 S.W.2d 618, 622 [1, 2], and cases cited. (Statutory references are to RSMo 1949 and V.A.M.S., unless otherwise indicated.)

■ In Missouri contributory negligence is an affirmative defense to be pleaded (section 509.090), and defendant has the burden of proving contributory negligence. Parsons v. Noel, Mo., 271 S.W.2d 543 [1]. However, in suits filed here on causes of action arising in a sister state, we hold a

requirement of the sister state that a plaintiff allege and prove his exercise of proper care for his own safety to be a substantive, not a procedural, matter and controlling here, and that plaintiff has the burden of proving the absence of contributory negligence. O'Leary v. Illinois Terminal R. Co., Mo.Banc, 299 S.W.2d 873 [2, 3]. The New Mexico Guest Statute was applied in a personal tort action arising in that state but instituted here in Woolf v. Holton, 240 Mo.App. 1123, 224 S.W.2d 861. In Newlin v. St. Louis & S. F. R. Co., 222 Mo. 375, 391, 392, 121 S.W. 125, 130, with respect to causes of action accruing in another state under the forerunner of now section 507.-020 (consult RSMo 1939, § 856), we said, so far as pertinent: "No case under the *lex loci*, then no case under the *lex fori*; and the supplement, viz., a case under the *lex loci* then one under the *lex fori* * *; in administering the substantive laws of a sister state we administer *them*, not our own; and we should not administer them either more or less blandly than do our sister's courts." Under the foregoing authorities we are to attempt to determine what the Supreme Court of New Mexico would decide on the pleaded facts.

Plaintiff would disregard the Missouri cases applying the substantive law of the lex loci under statutory direction and substitute the lex domicilii of the family. She cites the Ennis and Hill cases, supra, and the Bodenhagen, Johnson and Koplik cases, mentioned infra.

In Bodenhagen v. Farmer's Mutual Ins. Co., 5 Wis.2d 306, 92 N.W.2d 759, 95 N.W. 2d 822, a wife sued her husband's insurer for injuries sustained in Illinois through his gross negligence in operating an automobile. The couple were domiciled in Wisconsin. The Wisconsin court considered a proviso added in 1953 to the Illinois Married Women's Act reading: "provided, that neither husband nor wife may sue the other for a tort to the person committed during coverture" (Ill.R.S.1959, c. 68, § 1; Laws 1953, p. 437) merely destroyed the

remedy of the wife in the courts of Illinois and not the cause of action arising from the tort; and since the couple were domiciled in Wisconsin where the cause of action and right to sue were recognized "there is no reason to suppose that the Illinois legislature was concerned with barring liability completely." (92 N.W.2d 762.) On rehearing (5 Wis.2d 306, 95 N.W.2d 822, 823) the court held the law of the domicile determined whether an interspousal immunity existed, and withdrew that portion of the original opinion interpreting the Illinois law to hold that such immunity barred only the remedy and not the cause of action, stating: "There is no question but that such immunity at common law was substantive in nature", and quoted from Callow v. Thomas, mentioned infra, for the statement. On the same day (April 10, 1959), Haumschild v. Continental Casualty Co., 7 Wis.2d 130, 95 N.W.2d 814, was handed down. The court ruled that interspousal actions between residents of Wisconsin for personal torts arising in a sister state were controlled by the substantive law of Wisconsin, the family domicile, overruling earlier Wisconsin cases, including Hansen v. Hansen, 274 Wis. 262, 80 N.W. 230, where the Missouri law had been applied under similar circumstances. The court stressed and followed Emery v. Emery, 45 Cal.2d 421, 289 P.2d 218. (Illinois rid itself of the common law interspousal immunity rule for personal injuries January 19, 1953 (Brandt v. Keller, 413 Ill. 503, 109 N.E.2d 729), and the legislature restored the immunity by a proviso to the Married Women's Act June 24, 1953, quoted supra in the Bodenhagen opinion on rehearing.)

Johnson v. Peoples First National Bank & Trust Co., 1954, 394 Pa. 116, 145 A.2d 716, 717, was a suit in Pennsylvania, evidently the family domicile, by the wife against the deceased husband's executor for personal injuries resulting from the husband's negligence during coverture while operating an automobile in Maryland. The court considered the law of Maryland and Pennsylvania with respect

to interspousal trespass actions to be the same but, if not, the Pennsylvania law applied and held the action could be maintained under the Pennsylvania law.

In Koplik v. C. P. Trucking Corp. and Patrizio, 27 N.J. 1, 141 A.2d 34, plaintiff was injured on June 17, 1955, in the State of New York while a passenger in an automobile driven by defendant Patrizio. She sued Patrizio and the corporate defendant on January 11, 1956. On June 2, 1956, she married said Patrizio, and they, at the time of the accident and thereafter, were residents of New Jersey. The majority opinion considered a provision of the New Jersey Married Women's Act reading: "Nothing in this chapter contained shall enable a husband or wife * * * to sue each other, except as heretofore, and except as authorized by this chapter" (N.J.S.A. 37:2–5) applied, and held the marriage incapacitated plaintiff to prosecute the action in New Jersey for the husband's antenuptial tort (141 A.2d 37[2]), although at that time she might have prosecuted the action in New York (N.Y. Laws 1937, c. 669; N.Y. Domestic Relations Law, § 57).

The following cases, among others, apply the substantive law of a sister state where the tort occurred to interspousal actions instituted in the state of the domicile of the family, and are in accord with the Missouri law respecting transitory torts. Bissonnette v. Bissonnette, 145 Conn. 733, 142 A.2d 527; Levlock v. Spanos, 101 N. H. 22, 131 A.2d 319[1–4]; Boisvert v. Boisvert, 94 N.H. 357, 53 A.2d 515[1, 2, 8]; Lumbermans Mutual Casualty Co. v. Blake, 94 N.H. 141, 47 A.2d 874[5]; Coster v. Coster, 289 N.Y. 438, 46 N.E.2d 509 [3, 4], 146 A.L.R. 702, rehearing denied 290 N.Y. 662, 49 N.E.2d 621; Traglio v. Harris, 9 Cir., 104 F.2d 439[3], 127 A.L.R. 803; Annotation, 22 A.L.R.2d 1248.

In holding that the New Mexico statute authorizing a married woman to "sue and be sued * * * as if she were unmarried" "did not create a substantive right of action against her husband for a tort committed against her" (Romero v. Romero, supra, 269 P.2d 748, 750[2]), the New Mexico Supreme Court quoted the following from Conley v. Conley, 92 Mont. 425, 15 P.2d 922, 925: "We see nothing in any of the foregoing statutes to indicate a purpose to create a right which neither husband nor wife had at common law. * * * 'Surely the legislature in conferring equality of right to sue did not confer a right of action never possessed by husband or wife at common law.'" In the cited case of Callow v. Thomas, 322 Mass. 550, 78 N.E.2d 637[1, 2], 638, 2 A.L. R.2d 632, 634, a wife, after an annulment of the marriage, sued her former husband for a tort arising out of an automobile accident during coverture. The court stated: "That no cause of action arises in favor of either husband or wife for a tort committed by the other during coverture is too well settled to require citation of authority. Recovery is denied in such a case not merely because of the disability of one spouse to sue the other during coverture, but for the more fundamental reason that because of the marital relationship no cause of action ever came into existence." Holdings to the same effect are also in the cited cases of Austin v. Austin, 136 Miss. 61, 100 So. 591, 592, 33 A.L.R. 1388, 1391 (where the statute provided: "Husband and wife may sue each other"—Miss.C.A.1942, § 452), and Yellow Cab Co. of D. C. v. Dreslin, 86 U.S.App.D.C. 327, 181 F.2d 626[2], 19 A. L.R.2d 1001[1].

Clearly, the New Mexico court was not following the cited Wisconsin cases holding a wife could sue her husband for personal injuries resulting from his negligence (Wait v. Pierce, 191 Wis. 202, 209 N.W. 475, 210 N.W. 822, 48 A.L.R. 276) but that the husband could not sue the wife for a similar tort (Fehr v. General Accident, Fire & Life Assur. Corp., 246 Wis. 228, 16 N.W.2d 787[3, 9], 160 A.L.R. 1402). The Wisconsin case of Nelson v. American Employers' Ins. Co., 1951, 258

Wis. 252, 45 N.W.2d 681, 22 A.L.R.2d 1244, considered the New Mexico statute authorized such suits by the wife against her husband, stating the lex loci delicti controlled, but the New Mexico court reached a different result in Romero v. Romero, supra, in 1954.

■ We conclude from the holding and the authorities quoted and cited in support thereof in Romero v. Romero, supra, that under New Mexico law a wife does not have a cause of action against her husband for personal injuries sustained during coverture through his negligent acts, and it would be presumptious on our part to assume that the New Mexico Supreme Court would depart from its stated view of the New Mexico law in the circumstances disclosed by this record.

Brawner v. Brawner, Mo.Banc 1959, 327 S.W.2d 808, 814[7, 8], held that the common law rule of interspousal immunity from suit for personal injuries should not be lightly disturbed and refrained from abrogating the rule (see Rogers v. Rogers, 265 Mo. 200, 177 S.W. 382; Willott v. Willott, 333 Mo. 896, 62 S.W.2d 1084, 89 A.L.R. 114, among other Missouri cases), stating: "If the public interest requires a change, we believe, for the reasons stated, that it should be made by the general assembly." Plaintiff would have us apply the lex domicilii of the family and disregard our statutory provisions for and decisions applying the substantive law of the lex loci. This is not justified by our research of the law of New Mexico or the law as declared by our General Assembly or applicable court decisions. Any modification of the New Mexico substantive law under factual situations similar to the instant record should be left for determination by the Legislature or Supreme Court of New Mexico.

The judgment is affirmed.

BARRETT. and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.